## RUTLAND COUNTY,

### January Term, 1838.

Present, Hon. STEPHEN ROYCE,
       "   JACOB COLLAMER,   } *Assistant Justices.*
       "   ISAAC F. REDFIELD,

### Henry Strong *v.* Wm. C. McConnell.

*Payment* on a debt creates no indebtedness, and cannot be recovered back, though the whole debt be afterwards collected. But it must be so delivered and received in payment, as to leave nothing further to be done, in relation thereto, between the parties. If left for subsequent *adjustment and application,* it is not *payment.*

This was an action of book account, brought into the county court, by an appeal from the decision of a Justice of the peace, and a judgment to account having been rendered therein, the case was referred to an auditor, who reported, that the plaintiff's account was for boards, plank, and sled-runners, delivered from time to time to the defendant, in the year 1830; that the defendant directed the plaintiff to keep an account of the quantity, with a view to a future adjustment; that the charges were made in the plaintiff's usual way, and that during the whole time in which the articles were delivered, the defendant held a note against the plaintiff for 10,000 feet of good hemlock boards, which note became due in 1829; that at the times of their delivery it was the intention of the plaintiff and defendant to have them thereafter applied in payment of said note; that the defendant credited the boards on his book; that no indorsement

of them was made on the note ; that the note was afterwards sued and collected ; that the defendant, by his attorney, had tendered the plaintiff twenty-five dollars, on the plaintiff's demand, and that the defendant had directed his attorney to endorse upon the execution which issued, on the judgment in favor of the defendant against the plaintiff, on said note, the sum of twenty-five dollars. The auditor found due to the plaintiff, from the defendant, the sum of forty-five dollars and ten cents.

The defendant objected to the acceptance of the report of the auditor, for the reason that the articles charged in the plaintiff's account were delivered in payment of said note, but the county court overruled the objection, and rendered a judgment for the plaintiff to recover the amount found due him by the auditor, to which decision the defendant excepted.

*R. R. Thrall,* for defendant.

The rule is well settled, that for goods or money delivered in payment of a note, or obligation, there cannot be a recovery, either by a separate action, or by a plea in offset, but as the delivery of them constitutes a defence against any suit which may be instituted on such note or obligation, the payment must be taken advantage of in such suit. *Slason* v. *Davis,* 1 Aikens' R. 73. *Loring* v. *Mansfield,* 17 Mass. R. 394. *Stevens* v. *Tuttle,* 3 Vt. R. 519.

*S. Foot,* for plaintiff.

It does not appear by the report, that the articles charged in the plaintiff's account were delivered in payment of the note. On the contrary, it appears that the lumber was delivered from time to time, and charged in the usual way, and left for future adjustment between the parties. The defendant, having sued and collected the full amount of his note, before the contemplated adjustment was made, cannot now claim that the lumber was delivered and received in payment of the note.

The opinion of the Court was delivered by

Collamer, J.—The plaintiff's account is for boards or lumber, delivered in 1830. The defendant insists that this lumber was delivered in payment of a note, then held by the defendant against the plaintiff, payable in lumber. If a payment be made on an existing debt, it cannot be recovered

back, even though the *whole debt* be afterwards collected,

by law. When it is *payment*, as such, it creates no debt. If the whole debt is afterwards collected by law, it cannot, in part or in whole, be recovered back, until the judgment is reversed. This, however, is *stricti juris*, and to bring a case within it, the facts must be clear and definite. It is true, that to render the payment such, in the present case, it was not necessary it should be indorsed on the note, but it must appear that it was both *delivered* and *received* in payment, as it was a payment in lumber on a note, after the pay day had transpired. It must appear that it was so delivered and received in payment, and that nothing more was to be done, *beetween the parties*, to complete the application. In this case, it appears that the defendant directed the plaintiff to keep an account of the lumber, with a view to a *future adjustment*. The defendant also kept an account of the boards, by *crediting them on book*. The auditor reports, that when the lumber was delivered and charged, it was with the *intention* that it should *thereafter be applied* in payment. All this shows that the parties were yet subsequently to arrange and make the application. The defendant did not consider it as payment, for he made no endorsement on the note, but took judgment for the whole note, and collected it. He, even after this suit, by his attorney, made a tender on this debt.

Whatever may have been the ultimate designs of the parties, whatever might have been intended *finally* to be done, we cannot say the lumber, *when delivered,* was actually in payment at the time.

Judgment affirmed.