WILLIAM NASON *v.* ZENO CROCKER.

ORANGE,
July,
1839.

If property is sold and paid for at the time, so that no right to charge it then existed, no subsequent contingency, arising from the breach of any promise or warranty in relation to such payment, will sustain an action on book.

THIS was an action of book account, brought to the county court by appeal. Judgment to account having been rendered, an auditor was appointed, who reported, that, in June, 1832, the plaintiff delivered to the defendant 2800 feet of spruce boards, the delivery of which the auditor found from the testimony of the plaintiff and other witnesses ; that the plaintiff never charged the boards on his book, although he kept one, and that the charge was made on a piece of paper, merely, for the purpose of a trial, at the time this suit was commenced ; that, "at the same time and place where said boards were delivered, the said Crocker sold to the said Nason a claim against one Ira Washburn, for the sum of fifteen dollars, being a balance due on book from Washburn to the defendant, and that said boards were received by said Crocker in payment for said claim sold by said Crocker to said Nason ;" that, at the same time, it was agreed between the parties, that if Nason could not apply the claim thus sold to him in part payment of a note given by Nason to said Washburn for about twenty dollars, then Crocker was to pay fourteen dollars for the boards ; that Nason had been sued on the note so given to Washburn, and, on the trial of that action, attempted to apply the before-mentioned claim on book in offset, but did not succeed.

The county court rendered judgment for the defendant, to which decision the plaintiff excepted.

*J. L. Buck,* for plaintiff.

Did the right to charge the boards accrue at the time of delivery ? If it did, then there can be no objection to the plaintiff's recovery in this case.

The delivery of the property gives the right to charge, and not the contract.

Whenever property is delivered, which is the subject of book charge, the right accrues, and if payment is to be made at a future time, or upon the happening of some contingency, the party must wait the arrival of the time, or the happening

of the contingency, and then the claim is mature for this action. *Fry* v. *Slyfield*, 3 Vt. R. 246.

If the right to charge accrued to the plaintiff on the delivery of the boards, his having neglected to enter the charge on book until about the time of the commencement of this suit, cannot operate against him, inasmuch as the auditor has found the fact of sale and delivery.

In the case of *Keyes* v. *Carpenter*, 3 Vt. R. 209, the plaintiff received certain notes, which, if paid by the maker, should be a payment of the claim of the plaintiff, if not paid, to be returned to the defendant.

The notes, not being paid, were returned, the plaintiff made his charge on book, commenced his suit, and the court held he was entitled to recover.

The circumstances of the case above cited are so analogous to the case on trial, that it is insisted there can be no distinction between them.

*W. Hebard*, for defendant.

The plaintiff cannot recover in this form of action.

1. The right to charge on book must have existed at the time of the delivery of the articles or the action of book account cannot be maintained. 1 Swift's Dig. 583. *Slasson* v. *Davis et al.* 1 Aik. R. 73.

2. That the plaintiff had no right to charge the boards at the time of their delivery, appears from the report of the auditor.

3. The report of the auditor shows a sale of a certain claim to the plaintiff, and that defendant received the boards in payment of the claim.

4. Damages for *breach of contract* or *failure of consideration* cannot be charged on book. 1 Swift's Dig. 582.

The opinion of the court was delivered by

COLLAMER, J.—When property is sold and paid for at the time, there is no debt or credit, and, of course, no right to charge on book. If there be any special agreement in relation to the property which is delivered in payment, giving rise to a subsequent claim, it must be by an action on such agreement. Indeed, there seems to be little controversy between the counsel as to the principle. Both agree that the plaintiff must have the right of charge when the property is delivered. We consider that no man can have a right of

charge unless there is a *debt* existing, payable either on de- mand or at some subsequent time. For the application of this principle, every thing depends on the construction of the report, and here is where the counsel differ. For the plaintiff it is insisted that the report shows that the plaintiff sold the boards on a credit, and took the demand against Washburn, and if he succeeded in turning it on his claim, it was *payment*, and not until then. The defendant insists that he sold the demand and took pay in boards, and that no credit existed, and that whatever special contract he made as to the demand must be enforced by an action thereon. The report shows, first, that there was a controversy whether the boards had ever been delivered, which, it seems, the auditor found on the plaintiff's oath and other testimony. The report then proceeds in these words: "At the same time and place where said boards were delivered, the said Crocker sold the said Nason a claim against one Ira Washburn for the sum of fifteen dollars," &c., "*and said boards were received by said Crocker in payment for said claim sold by Crocker to Nason.*" From this it appears to us, that, in point of fact, there was an exchange of property, and no debt existed on either side. No right of charge, then, existed by either party, and subsequent contingencies could not give it. Judgment affirmed.