RALPH COREY v. BROOKS GALE, principal debtor, and BENJAMIN PEARL, trustee.

In trustee actions, where distinct recognizances are required to be taken, it is not necessary that they should be separately minuted upon the writ.

In the service of such process, under the late statute, the officer making service upon the trustee is competent to complete the service upon the principal debtor, although he may reside without his precinct.

Where payments are made upon a promissory note, negotiable, but overdue, and not applied upon the note, but a receipt given to the payor, and the note subsequently negotiated and sued, and judgment recovered in the name of the indorsee for the full amount of the note, the amount of such payments can never be recovered in a separate action.

The only remedy in such case is, by petition for a new trial, or some other process, operating directly upon the former judgment.

THIS was an action for money had and received, commenced before a justice of the peace.

The minute of the recognizance, entered upon the writ, by the justice, was as follows: 'Nathan S. Hill recognized 'to the said Benjamin in 'the sum of ten dollars, and also to 'the said Brooks Gale in the further sum of ten dollars, to 'insure costs of prosecution, in due form of law, before me,' which minute was signed by the justice who issued the writ

The officer's return, indorsed upon the writ, was in the words following ;—

'Orleans County, ss. Albany, December 27, 1838. I 'then served this writ on the within named trustee, by de-

' livering him a true and attested copy thereof, with my return ' hereon, thereon indorsed;— Also, at Barre, Washington ' county, on the 28th day of December, 1838, I left a true ' and attested copy of this writ, with my return of my do- ' ings thereon indorsed, at the last and usual place of abode ' of the said within named Brooks Gale, absconding or con- ' cealed debtor, within this state, with Betsey Gale, a person ' of sufficient discretion, then resident therein.

Attest.　　　　　　HORACE N. HOVEY, constable.'

And the said constable made oath to the truth of his return before the justice, who issued the writ, which was duly certified by said justice.

The principal debtor pleaded in abatement, before the justice, that there was no such recognizance as the statute required, and that the writ was not legally served, by a proper officer, upon the principal debtor.

The justice overruled the plea, and a trial was had upon the merits, and judgment rendered in favor of the plaintiff against the principal debtor. The trustee was also adjudged chargeable.' The principal debtor appealed from the judgment, rendered by the justice, to the county court.

Upon the entry of the appeal in the county court, the principal debtor moved to dismiss the suit, on the ground that it did not appear that the requisite securities for costs were given at the time of praying out the process. The court overruled the motion. He also pleaded in abatement that the officer, who served the writ, was not legally competent to leave a copy for the principal debtor, out of the town or precinct where the officer resided; which plea the court also overruled.

The principal debtor then pleaded non assumpsit, and issue was joined to the court.

On the trial of the merits, it was proved that Gale, the principal debtor, held a negotiable promissory note for sixteen dollars, executed to him by the plaintiff and one Havens, being for the debt of the plaintiff, which became due a short time previously to the second day of December, 1835; that, on that day, the plaintiff paid or delivered to Gale seven dollars to be applied in part payment of said note, and Gale gave a receipt therefor in the form following;—' Re-

' ceived of Ralph Corey seven dollars, to apply on a note I
' hold against said Corey.   Dec. 2, 1835.     B. GALE.'

It further appeared, from the testimony, that Gale after-
wards indorsed and negotiated said note to Jesse Cooper,
who put the note in suit, and, no indorsement of said seven
dollars having been made thereon, recovered a judgment for
the whole amount of the note and interest. The judgment
in favor of Cooper was rendered by default, after a continu-
ance had been granted at the request of the defendants in
that suit. It also appeared that a writ of execution had is-
sued upon said judgment, but whether it had been paid, or
not, did not appear. The defendant, Gale, contended that
this action would not lie to recover said seven dollars ; but
the county court rendered a judgment for the plaintiff, and
the defendant excepted.

*Cooper & Redfield*, for defendant.

1. The constable of Albany, by virtue of his office, was
not competent to make service on the principal debtor, in
the town of Barre, in Washington county. Comp. Statute,
p. 149, 64, 65. Pamphlet of 1835, p. 14.

The service upon the principal debtor, was *a principal ser-
vice* and *not* a mere *incident* to the service upon the trus-
tee.

2. The plaintiff cannot recover back the seven dollars,
which he says was intended to be applied on the note, until
after he has been compelled to pay the full amount of said
note, because, as yet, he has paid nothing but what he was
legally bound to pay.

3. The indorsement of the note to a third person will not
entitle the plaintiff to recover back the money paid, to be
applied upon the note. Comp. Statute, 144. Pamphlet of
1836.

4. The plaintiff should have insisted upon this seven dol-
lars, in part payment of the note, when sued by the indorsee,
and if he neglected to do it, he can have no right of action
to recover it back. *Slasson* v. *Davis*, 1 Aik. R. 73. *Lor-
ing* v. *Mansfield*, 17 Mass. R. 394. *Stevens* v. *Tuttle*, 3
Vt. R. 519. *Marriat* v. *Hampton*, 7 D. & E. 269. 17
Mass. 237. 8 Pick. 113. 4 Pick. 228. 3 Id. 33. 7 Id.
341. *Strong* v. *McConnell*, 10 Vt. R. 231. 11 Vt. R. 466.

*N. S. Hill,* for plaintiff.

1. The second and third sections of the act, relating to trustees, passed November 9, 1835, sufficiently answer the motion to dismiss and the plea in abatement.

2. Assumpsit is the appropriate remedy, in cases of this nature. 1 Swift's Dig. 398, 400, 405. *Rowe* v. *Smith,* 16 Mass. 306.

3. Could the plaintiff reasonably have anticipated that the defendant, Gale, would have negotiated the note to a stranger without having indorsed upon it the money received of the plaintiff, or would he not rather trust to the good faith of Gale in making the application, and take no further thought of the matter? Gale, for this purpose, was the agent of the plaintiff, and, as such, should be held accountable.

In this case, to use the language of the Ch. Justice, in *Rowe* v. *Smith,* ' the debtor might well lie by and suffer judgment to go against him by default, relying upon this deduction.'

The only question worthy of discussion, which the case at bar presents, is, whether or not the advancement of the money in question, was such an intended payment as precludes the plaintiff's legal right of recovery.

The rule that payment, strictly as such, creates no debt, and consequently cannot be the ground of an action, is conceded. Such payment may be made by the debtor alone, independently of the creditor, and even against his will. There is no necessity in that case for saying, I will do this if you will do that. I will hand you seven dollars if you will apply this amount on my note which you hold. The language accompanying *payment* would be, I deliver you seven dollars, in satisfaction, or in payment of the like amount due from me to you. Need the creditor here say anything in reply? Need he take upon himself any liability, or enter into any agreement as a condition of its reception? Certainly not. And should the creditor afterwards attempt to enforce a re-payment of such demand, the law would remunerate the debtor for the costs of sustaining his defence, as in other prosecutions destitute of foundation.

The general rule, as laid down in *Chellis* v. *Woods,* 11 Vt. R. 466, ' that money paid to be applied on a particular demand cannot be the ground of an action,' ought to be so

construed as to excuse the creditor from the necessity of making the intended application, and should be confined, in its application, to those cases where the debtor may make or tender payment, independently of the creditor's willingness to receive; otherwise it may prove a temptation to a designing creditor to avail himself of double payment. And this would seem to be the view which the court, in the case last cited, took when called on to make the application of the rule. In that case, the auditor finds and reports the fact, ' that the money was paid to apply on the notes.' And the case shows that the payment was sufficient to extinguish and satisfy the notes on which it was made; but because application of it could not be then made, it was held not to be a payment within the above rule.

This case, also, falls clearly within the reasoning of the court in *Strong* v. *McConnell*, 10 Vt. R. 231, and also in the case of *Rowe* v. *Smith*, 16 Mass. R. 305.

The general rule, in regard to payments, is the same in Massachusetts as in this state, and yet, in sustaining the case last cited, the court, on mature consideration, did not deem it an infringement of the rule.

It is revolting to the common sense of justice and right, which pervades the minds of all men, to allow Gale to find protection, under the law of the land, in the retention of the money here sued for. And the plaintiff contends that the county court did not err, in point of law, in sustaining the present case.

The opinion of the court was delivered by

REDFIELD, J.—The recognizance in this case is well enough. The authority issuing the writ, is not required to enter upon the writ the entire record of the recognizance, but only "a minute thereof." If this minute contain the name of the person recognized, and the amount, and intelligibly express the object of its being taken, it is sufficient. All other defects may well be supplied by the record of the recognizance, when finally made. *Houghton* v. *Slack*, 10 Vt. R. 520. *Foster* v. *Carpenter*, 11 Vt. R. 589. The fact, that, in the present case, the minute made by the justice, of the recognizance on the writ, blends two distinct recognizances, is of no importance, for the same reasons above sta-

ed. The minute shows that two distinct recognizances were taken, one to the trustee and one to the principal debtor.

We have not been able to perceive any insuperable objection to the service of the process. The copy, left with the principal debtor, was left by the officer who made service upon the trustee, and whose precinct did not extend to the place where he left the copy. But this proceeding was under the former statute. By that statute, the officer making service upon the trustee, is required to leave a copy with the principal debtor. The service upon the trustee is the mere attachment of property, and the copy is left with the principal debtor for the purpose of notice. When property is attached by an officer, he may, and indeed should, leave a copy with the debtor, if he reside any where in the state. We think the same rule, for the same reason, will apply to the present case. How far the same rule will apply to a similar case, under the statutes now in force, we have not felt it necessary to consider. It has been decided that the trustee is not a party to the process, except as a mere depositary of goods, rights, or credits, which are attached in his hands, and which is, in reality, but the service of the process upon the principal debtor, by which the court obtain jurisdiction of the cause.

In regard to the question of the right of the plaintiff to recover upon the merits of the action, the court are not so fortunate as to be unanimous. A majority of the members present think the action cannot be maintained. It will always be the case where money is in the hands of the defendant, which in good conscience he ought not to retain, even although he obtained it under the sanction of a judgment of a court of law, which is still in force, that there will be a strong disposition in courts of justice to afford relief to the injured party. This state of circumstances has led to many very singular decisions, such as cannot be reconciled with general principles. The case of *Moses* v. *Macfarlane*, 2 Burr. 1005, was decided by one of the ablest courts which ever sat in Westminster Hall, but it never can be made to consist with established general principles, or be made acceptable to the profession. From the day of its first promulgation to the present, it has been constantly doubted, and its authority disregarded,

whenever it has been brought under discussion. It is true that the obvious principles of justice, upon which that case rests, have induced many other decisions not wholly dissimilar. *Rowe* v. *Smith*, 16 Mass. 306. *Strong* v. *McConnell*, 10 Vt. 231. But in these latter cases the court go upon the ground, that there was a trust and confidence between the parties, and that something more remained to be done, before the money was to operate as payment. In the present case no such trust or confidence existed. The money was delivered as part payment, by the plaintiff, and so received by the defendant. It is true a receipt was taken, but that was merely as evidence of the fact of payment. The case was no different from what it would have been if a witness had been called to that fact, or if it had been indorsed upon the note, all are but modes of evidence, and do not affect the legal consequences. If money is given and received as payment, or part payment, it operates, *eo instanti*, to extinguish the debt *pro tanto*, and from thence forward the debt exists, only in its diminished form. Nor is it of any importance, in this respect, whether the evidence of the debt is in the form of a promissory note, or any other written contract, or exists only in the memory of witnesses. The debt or obligation has an existence and essence, as a mere abstraction, wholly distinct from the evidence by which it is proved. It would exist none the less although the evidence were lost or destroyed, and the debt might be wholly extinguished, while the evidence of its original creation remained the same. So, too, this debt having been in part extinguished, it could not be revived by negotiating the note, when overdue, as was done in the present case. The indorsee acquired no greater rights than the payee possessed. The plaintiff might as well have insisted upon the application of this payment, in the suit which was brought, as if it had been in the name of the original payee.

This debt, then, having been partly paid, the defendant brings suit upon it and by default, recovers judgment for the original sum and interest. That judgment is manifestly wrong, but it cannot be corrected in this collateral manner. It is wrong because while a portion of the debt had been extinguished, judgment is entered up for the whole sum. The case is no different, in principle, from what it would have been

if, the whole debt being due, judgment had been entered up for twice that sum. If the plaintiff recovers in the present suit, it is upon the ground that the former judgment was entered for a larger sum than it should have been. Such error or mistake can only be corrected by an application for a new trial, or by some other process, operating *directly* upon that judgment. It cannot be attacked in this collateral manner, at least by the parties to it. This principle is fully recognized by many of the cases cited by the defendant's counsel, especially *Marriat* v. *Hampton,* 7 Term R. 269. *Strong* v. *McConnell.* 10 Vt. R. 231. *Loring* v. *Mansfield,* 17 Mass. R. 394.

　　　　　　　　　　　　　　　　　Judgment reversed.