*WINDHAM,*
*February,*
*1843.*

J. & J. Rogers
*v.*
Miller &
Kathan.

---

JOSHUA ROGERS and JESSE ROGERS *v.* HORATIO N. MILLER and ORRIN KATHAN.

R. and R. made a contract with M. and K. to deliver them palm-leaf to be manufactured into hats of a particular description, which they were to receive at a certain sum per dozen. *Held,* that it was proper for R. and R. to charge on book, the palm-leaf when delivered, together with cash advanced ; and that, on the neglect or refusal of M. & K. to perform the contract, a recovery might be had against them, for the palm-leaf and cash, in an action on book. *Held*, also, that R. & R. were not obliged to receive a less number of hats than were stipulated in the contract, nor to select out of a large number, sufficient, at the stipulated price, to pay for the cash and palm-leaf delivered.

THIS was an action of book account, in which there was a judgment to account, and reference to an auditor.

The auditor reported that, having notified the parties who appeared before him,—

He " proceeded to the examination of the accounts of the ' plaintiffs. From an examination of the parties under oath ' and other witnesses, it appeared, that, on or about the 2nd ' day of July, 1840, the plaintiffs entered into a contract ' with the defendants to deliver them such quantities of palm- ' leaf as the defendants should find it convenient for them to ' procure to be manufactured into hats, and the plaintiffs ' were to receive of defendants the hats that should be by ' them thus manufactured, at eight shillings per dozen. The ' hats were to be from four and a half to five inches in height ' of crown, and the top of the crown $6\frac{1}{2}$ inches in diameter ; ' the rims 4 inches wide. It appeared that the palm-leaf ' charged in the plaintiffs' account, had been delivered, and

WINDHAM,
*February,*
1843.
—————
J. & J. Rogers
*v*
Miller &
Kathan.

'that the money charged had been paid, and that the hats 'credited in the plaintiffs' annexed bill, had been received of 'the defendants by the plaintiffs, at the times they purport to 'have been delivered. And no other claim was set up by 'the defendants of any payments, until about the 25th of 'January 1842, when one of the plaintiffs, to wit, Jesse 'Rogers, called on the defendants, at their store in Dummers- 'ton, for the hats they should then have manufactured,— 'whereupon the defendants commenced passing over such 'hats as they then had on hand, to the said Jesse Rogers for 'his inspection, and the said Rogers, after a slight examina- 'tion, refused to receive said hats upon the contract afore- 'said, alleging that they were not manufactured according to 'the terms of the contract, and then called on the defend- 'ants for a settlement of his said account against them, for 'said palm-leaf and money, which the defendants refused to 'pay or settle, and also first refused, but afterwards consented, 'that said Rogers might select from the lot of hats on hand, 'amounting to from three to four hundred dozen, enough to 'pay the balance due on his bill aforesaid ; but said Rogers 'refused to receive them.

"There was some discrepancy in the proof in relation to 'the quality of said hats ; but the auditor comes to the con- 'clusion that the whole amount of hats the defendants had 'on hand, were not such as to answer the contract aforesaid, 'but that a selection could have been made of hats which 'would have been according to the terms of the contract, 'enough to pay the plaintiffs the balance of their account.

"Now, if, from the foregoing facts, the plaintiffs ought to 'recover of the defendants, the auditor awards for the plain- 'tiffs the balance of their account and interest from January '25, 1842, amounting to $129.88 ; but, if the above facts 'do not, by law, entitle the plaintiffs to recover, the said 'auditor awards to the defendants the costs of this audit."

Upon the coming in of this report, the court accepted the same, and rendered judgment for the plaintiffs to recover the balance found by the auditor ; to which the defendants ex-cepted.

*W. C. Bradley*, for defendants.
The defendants contend that sufficient to warrant a judg-

ment for the plaintiffs does not appear from the report of the auditor.

WINDHAM, February, 1843.

J. & J. Rogers v. Miller & Kathan.

If the leaf and money were advanced on a contract, whereby the plaintiffs were to furnish the leaf, and the defendants to work it into hats of a certain description, at a certain price, which the plaintiffs were to receive, until the amount of leaf and money was reimbursed, the auditor's report ought so to have stated intelligibly, for it is evident from the report, that there was some connection between the delivery of the leaf and money and the delivery of the hats which were called for. If there is any material obscurity on this point the report is defective.

If, in point of fact, it was as above supposed, it was not only a special contract, but one which sounded in damages for nonperformance, and which ought not to be settled in book account.

If it be said that the contract was at an end, it does not so appear, for there was no specific demand and refusal, which amounted to its termination, unless the refusal of the plaintiffs not merely to select, but to receive a *sufficient* quantity of hats, discharged the defendants from a formal tender, in which case judgment ought to have been for the defendants.

*Keyes & Bradley*, for plaintiffs, contended that the palm-leaf passed into the hands of the defendants, upon a sale, and not a bailment, as, in the latter case, the eight shillings would have been stipulated to have been paid, not, as the auditor found the contract to have been, for "*the hats*," but for *the making of them* ; —

That the defendants could not set up in defence to this action, a contract which they had broken, in that but one third of the hats, manufactured from the palm-leaf, were of the description contracted to be made from it ; —

That the contract did not compel the plaintiffs to receive the one third ; but if it did, that they had not been tendered, as the consent of the defendants that the plaintiffs "might select from three or four hundred dozen, enough to pay the balance," was no tender — it not being in the power of defendants to compel the plaintiffs to select from so great a number. Chip. on Con. 108–9.

The plaintiffs further maintained that they were at liberty

WINDHAM,
February,
1843.

J. & J. Rogers
v.
Miller &
Kathan.

to seek a remedy, either in damages for a breach of the con-tract, or by an action of assumpsit or book account, for the cash and palm-leaf delivered ; and cited *Wilkins* v. *Stevens,* 8 Vt. 214 ; *Newton* v. *Higgins,* 2 Vt. 366 ; *Fry* v. *Sly-field,* 3 Vt. 246 ; *Way* v. *Wakefield,* 7 Vt. 223 ; *Hall & Chase* v. *Peak & Co.,* 10 Vt. 274 ; *Slasson* v. *Davis,* 1 Aik. 73 ; *Whitney* v. *Corwin,* 5 Vt. 451.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — It appears that the plaintiffs and defendants entered into a contract, by which the plaintiffs agreed to furnish the defendants such quantity of palm-leaf, as they could conveniently manufacture into hats, and the plaintiffs were to receive of them all the hats, thus manufac-tured, at eight shillings per dozen.

Whenever the palm-leaf was delivered, it was proper for the plaintiffs to charge the same to the defendants, on book, and, also, whatever sums in money they might advance, on the same contract, although payment was not to be made therefor, until the hats were manufactured and ready for delivery. This is in accordance with the decision in the case of *Strong* v. *McConnell,* 10 Vt. 231. The charges were, therefore, properly made on book, although no action could have been maintained to recover the same, until the defendants had, by some act of theirs, refused to fulfill the contract on their part.

It appears from the report, that the defendants did not manufacture the palm-leaf into such hats as the contract required. The plaintiffs were under no obligation to receive a less quantity than was stipulated for, in the contract ; and were not obliged to select out of a larger number, sufficient, at the stipulated prices, to pay for the cash and palm leaf delivered. On this neglect of the defendants to fulfill the contract, the plaintiffs could either have maintained an action of assumpsit, to recover damages for the breach of the same, or they could have maintained an action of assumpsit, or an action on book, to recover the value of the palm-leaf and cash delivered to the defendants. We can see no reasonable objections against the recovery by the plaintiffs for the bal-ance reported by the auditor.

The judgment of the county court is, therefore, affirmed.