#### FOR THE

### COUNTY OF WINDHAM,

#### FEBRUARY TERM, 1844.

PRESENT,

Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT, } ASSISTANT JUDGES.
Hon. WILLIAM HEBARD,

---

## JUSTUS STONE v. D. & E. PULSIPHER.

A man, having the care of the minor children of his wife by her former husband, may claim and recover for their services while they thus remain under his care, although he has never been appointed their guardian.

The right to charge on book property lent accrues at the time of lending; and, if the property be wholly used up by the bailee, the lender may recover for it in an action on book.

When property is sold conditionally, and some payments are made for it by way of services rendered from time to time, such services may be charged on book, to await their application; and, if the property so sold is received back by the vendor, and enures to his use, the vendee may recover for his services, so rendered, in an action on book, before any application has been made; and the vendor may recover in the same action for the use of the property.

It is no objection to the allowance of a charge on book, that it is made for the *thing* itself, when it should have been made for the *use* of it, provided the facts show that a right of recovery exists for the use, and no more is allowed, than the party is justly entitled to.

BOOK ACCOUNT. The auditor reported that a balance was due to the defendants of nineteen cents. Items of both accounts were disputed before the auditor and in the county court.

Several of the plaintiff's charges were for the services of the minor children of his wife, by a former husband. The wife of the plaintiff, before her intermarriage with him, had been appointed guardian of said children, and they had never had any other guardian appointed, but continued to live with the plaintiff after his marriage, taking such part of their earnings as they needed for clothing and expenses, and letting the plaintiff and his wife have the remainder; and, before the services were rendered, it was expressly agreed between the plaintiff and his wife, the said children, and the defendants, that the avails of said services should be accounted for by the defendants to the plaintiff. To these items the defendants objected, but they were allowed by the auditor.

In the spring of the year 1841, the plaintiff contracted with the defendants for a pair of oxen, for which he was to pay fifty dollars, and which were to remain the property of the defendants until paid for by the plaintiff. The plaintiff took possession of the oxen, and retained them until the spring of 1842. In February, 1842, the firm of D. & E. Pulsipher was dissolved, and the matters existing between the plaintiff and the defendants were transfered to D. Pulsipher.

In the Spring of 1842, the said D. Pulsipher borrowed one of said oxen, and shortly after the other went on to his premises, and both remained in his possession until the fall of that year,—neither party doing any act towards returning them into the possession of the plaintiff,—when the said Pulsipher killed one of them for beef, and sold the other, receiving the avails of both. The labor charged in the plaintiff's account was performed with a view of fulfilling the contract on his part for the purchase of said oxen. The defendants charged said oxen in their account against the plaintiff at fifty dollars. The defendants objected to the plaintiff's account, on the ground that it accrued in payment for said oxen; but the objection was overruled by the auditor.

The auditor reported that the oxen had been hard worked and poorly kept by the plaintiff, and that they were worth, when returned, fifteen dollars less than when he received them ; which sum of fifteen dollars the auditor allowed to the defendants "for the use of the oxen" while in the plaintiff's possession. To this allowance the plaintiff objected.

Another item in the defendants' account, which was allowed to them by the auditor, was for a wagon wheel, which the auditor reported was *lent* by the defendants to the plaintiff, and was used and worn out by him, and never returned. To this item the plaintiff objected.

The county court. accepted the report of the auditor, except as to the item of fifteen dollars for the use of the oxen, which item they disallowed, and rendered judgment for the plaintiff. Exceptions by defendants.

*D. Kellogg* for defendants.

1. The auditor erred in allowing to the plaintiff the items for the services of the minor children of his wife,—the plaintiff not being entitled in law to claim for them.

2. The whole account of the plaintiff should have been disallowed, on the ground that the services and property mentioned therein were rendered and delivered under a special contract for the purchase and payment of a yoke of oxen.

3. The county court erred in disallowing the fifteen dollars allowed by the auditor for the use of the oxen. Inasmuch as the services rendered by the plaintiff, which were understood to be in payment for the oxen, were allowed, it was but just that the plaintiff should account to the defendants for the use of them, he having had the benefit of that use. *Gunnison* v. *Bancroft*, 11 Vt. 490, 493. *Case* v. *Berry*, 3 Ib. 332. *Farrand* v. *Gage*, 3 Ib. 320.

*N. Richardson* for plaintiff.

The county court properly rejected the item of fifteen dollars, allowed by the auditor to the defendant for the use of the oxen.

1. The plaintiff never made any promise, either express or implied, to pay for the *use* of the oxen, nor did the defendants prefer any such claim before the auditor.

2. Where there has been an express mutual contract, neither party is at liberty to vary the terms of that contract without the concurrence of the other party. Hence, as the oxen came to the possession of the defendant, and were so converted to his use that it was not in the power of the plaintiff to fulfil the original contract, the defendants cannot recover for the use of them in any action.

3. Admitting that the plaintiff was in fault in the breach of said original contract, the defendants cannot recover on book for such breach. In such case the remedy of the party injured sounds entirely in damages. 1 Sw. Dig. 582. *Fry* v. *Slyfield*, 3 Vt. 246. *Nason* v. *Crocker*, 11 Vt. 463. *Blanchard* v. *Butterfield*, 12 Vt. 451. *Smith* v. *Smith*, 14 Vt. 440.

4. The auditor erred in adopting the rule he did in ascertaining the value of the use of the oxen during the time they were in the service of the plaintiff. The difference in value at different times is not a just criterion of the value of their services.

The opinion of the court was delivered by

HEBARD, J. It is hardly to be expected that any thing new can be said in relation to the book action, or that a case, involving new principles, can arise. The principles, upon which the action is based, have been thoroughly canvassed, and its boundaries fixed and determined. The *convenience* and necessity of the action have been sufficiently expatiated upon and explained, so that there is little left, but to determine, as the different cases present themselves, whether they fall within the limits which the courts have fixed. The action of book account, with some few exceptions, is concurrent with the action of general assumpsit, and the channel thus formed by this action has widened and deepened in its course, until there are but few of the ordinary transactions in business, which sound in contract, but what fall in and help swell the current.

The *principles* which are involved in this action have been *tested* at different times, and the objections removed ; such as the *magnitude* of the articles charged ; *articles* delivered on *credit* ; the *value* and *condition* of the articles sold, with reference to latent defects ; the *manner* and *time* of charging ; the *facts* to which the *parties* may testify ; and a variety of other points, at different times, have

Stone *v.* Pulsipher et al.

been considered, and we are now to see whether the questions suggested in this case come within the principles already recognized. There are but two items in the case which we regard as being much in doubt. One is as to the charge for the wagon wheel; and the other is the claim of $15 for the use of the oxen, which the auditor allowed, but which was disallowed by the county court. Other questions have been raised, but I regard them of less importance and difficulty. It is objected that the plaintiff ought not to be allowed for the work of the boys, they being minors and having no guardian. But in that it is clear there was no error. The plaintiff, for the time being, for the want of a guardian, had the care of them. When they have a guardian, or arrive at the age of majority, he will be liable to account for their earnings if called upon, and a payment to the plaintiff would be a sufficient protection to the defendants against any liability to account for the same again.

It is farther objected, that the whole of the plaintiff's account, being upon a contract for the purchase of the oxen, cannot be charged on book. But to this the answer is full. The contract for the oxen was a conditional one, which condition was never complied with; the contract, such as it was, was treated by the defendants as being at an end, and the oxen were taken back, and the amount, although intended to be in payment for the oxen, had never been adjusted by the parties and the application made; so that in fact it was like any other running account, and when its authentication becomes necessary, whether it is for the purpose of recovering pay for the same, or of making its application in a particular way agreed upon, the book action and the party's own oath are proper for that purpose.

To the charge for the wagon wheel, it is objected that the facts disclosed, point to the action of trover, as the appropriate remedy; and if that is so, the charge cannot be sustained on book. To see whether this charge can be sustained, we must look at the facts; for the particular form of the charge, and the phraseology, are of less importance than the fact itself. The charge is for a wagon wheel, which was lent, and " which the plaintiff used and wore out entirely, and never returned." That implies no tortious act, and without some *wrong* done trover cannot be sustained. As the wheel was worn out, it is of no importance whether the charge was for

*the wheel,* or for the _use_ of *the wheel,* so far as the amount is concerned. He was liable, impliedly, to pay for the *use* of the wheel, unless, at the time, it was understood to be otherwise; but this fact the auditor has not found, and we are not at liberty to presume it; the presumption is the other way. If the facts showed that the claim was for refusing to return the wheel when demanded, or for any tortious act, it is clear that the charge could not be sustained. The right to charge for the use of the wheel existed at the time of lending it; the amount must depend upon the time it was used. That would form no greater objection in this case, than in the letting of a house, or other chattel, upon hire, for an indefinite time. The right *to charge* must not depend upon the happening of *subsequent events,* as in the case of *Nason* v. *Crocker,* 11 Vt. 463. But the *charge* and the *right* of recovery may become mature by what happens after the delivery of the articles, as in the case of *Whiting* v. *Corwin,* 5 Vt. 451. This charge was therefore properly allowed.

The charge for the oxen, allowed by the auditor at $15, was disallowed by the county court, and of this the defendant complains. The same may be said of the *form* of this charge, as has been said of the charge for the wagon wheel. The charge is for a yoke of oxen, but the auditor allowed for the *use* of the oxen. The charge was $50, but only $15 was allowed by the auditor. In order to find that the defendants were entitled to recover for the use of the oxen, the auditor must have found that the contract for the purchase of the oxen was ended, either by the consent and agreement of the parties, or by the fault or neglect of the plaintiff; and we think it may fairly be implied, that, if the plaintiff did not pay for the oxen, he should pay for the *use* of them; and certainly equity would require nothing less. The amount must depend upon the facts and circumstances of the case, and be determined by the auditor. The auditor has found the fact that the oxen never became the property of the plaintiff, and that the use of the oxen during the time the plaintiff had them in his possession was worth $15. Upon this state of facts we think the county court erred in disallowing this sum to the defendants, and their judgment is reversed, and judgment is rendered for the defendants for the sum of nineteen cents.