EVANS McCRILLIS v. JOSEPH BANKS, and PAMELIA BANKS, his wife.

One of two tenants in common of personal property cannot recover against the other, in an action on book account, for having used more than his share of the common property.

If the defendant have been guilty of a tort, in having used, without the plaintiff's permission, personal property belonging to the plaintiff, for which the plaintiff might recover in an action of trover, the plaintiff cannot charge and recover for such property on book account.

If the defendant prevail upon his exceptions, and judgment is rendered in favor of the plaintiff for a reduced sum, the defendant's costs in the supreme court are to be set off against the judgment in favor of the plaintiff and execution to issue for the balance only.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed. The item in the plaintiff's account, in reference to which controversy was had in the supreme court, was for a quantity of hay. It appeared, from the auditor's report, that in 1838 the plaintiff and the defendant Pamelia Banks, then sole and unmarried, were tenants in common of certain premises, upon which a quantity of hay was cut. The hay was put into the barn upon the premises, then occupied by the said Pamelia; and in the ensuing winter she used, for the stock which she kept in the barn, five tons more than her half of the hay;—for which the plaintiff claimed to recover in this action. The hay was used with the knowledge of the plaintiff; but it did not appear, that he ever gave the said Pamelia permission to use it, or that she ever promised to pay for the same. The auditor reported, that, if the plaintiff was not entitled to recover for the hay, there was due to him a balance of $3,81; but that, if he was entitled to recover for the hay, there was due to him a balance of $23,81.

The county court, June Term, 1845,—HEBARD, J., presiding,— rendered judgment for the plaintiff, upon the report, for $23,81, damages, and his cost. Exceptions by defendants.

*J. W. D. Parker* for defendants.

The case finds, in the defendant, a wrongful assumption of the plaintiff's property; that, in regard to the five tons of hay, the un-

McCrillis *v.* Banks et ux.

doubted ownership of which was in the plaintiff, the defendant was a tort-feasor. The plaintiff has mistaken his remedy.

1. If there were no tenancy in common in the case, the plaintiff could not recover in this action on book account. Trespass, or trover, would be the appropriate remedy. *Peach* v. *Mills*, 14 Vt. 371. One of two joint owners of personal property, who puts the property to his own use, or sells it, is not on that account liable to be sued by the other in the action on book account. *Albee* v. *Fairbanks*, 10 Vt. 314.

2. But, if the parties were tenants in common, the only appropriate remedy of the plaintiff is an action of account. In all cases, where there is a destruction of the property in common by one of the tenants, the other may maintain trover ; but, where there is a mere user of more than his share, account alone will lie. Rev. St. 219, § 1. 1 Sw. Dig. 170, 581. *Albee* v. *Fairbanks*, 10 Vt. 314. *Mattocks* v. *Lyman*, 16 Vt. 113. Brown on Act. 132, 432. 1 Arch. N. P. 196, 454. *Oviatt* v. *Sage*, 7 Conn. 95.

*S. Austin* for plaintiff.

Assumpsit would lie against the party using the hay, under the circumstances found in this case. There was no tenancy in common between the parties, although the auditor has used that term ; each owned one half of the hay in their own right ; and when the defendant had used her half, the other half belonged to the plaintiff ; and if she used it, she would be liable to pay for it,—and of course liable in this action, if used with the knowledge of the plaintiff.

The opinion of the court was delivered by

HALL, J. If the plaintiff and the defendant's wife are to be considered as having been tenants in common of the hay, the question, in regard to the charge for it, seems to be settled by the case of *Albee* v. *Fairbanks*, 10 Vt. 314,—where it was held, that one of two tenants in common of personal property could not recover of the other, in an action on book account, for having used more than his share of the common property.

If the parties, as is insisted by the plaintiff's counsel, were not, in strictness, tenants in common of the hay, it is not perceived how the claim for it would be aided in this action. In that case, the de-

fendant would have been guilty of a tort, in the use of the hay without the plaintiff's permission, for which the plaintiff might recover in an action of trover, but which could not be chargeable on book. Under any view of the case, we feel bound to consider the judgment of the county court, so far as it regards the charge for the hay, as erroneous.

The judgment of the county court is therefore reversed, and judgment is to be rendered for the plaintiff for the smaller sum found by the auditor.

The defendants, having prevailed in their exceptions, are to recover costs in this court, to be set off against the judgment of the plaintiff, and execution to issue for the balance.