# WINDSOR COUNTY.

---

## ALONZO JACKMAN *v.* ALDEN PARTRIDGE.

An action cannot be sustained against one who is a mere depositary of money, unless his situation have been changed from that of a depositary to that of a debtor, either by a wrongful refusal to pay the money upon proper request, or by a wrongful appropriation of it.

The president and professors of a literary institution were to have all the tuition money received, and agreed that it should be divided between them according to certain specified rates and proportions; and it was also agreed, that all the money collected should be delivered to a depositary, or treasurer, and that the interest of the members in the fund, when so in deposite, should be distinct and several interests, and not to any extent or purpose joint interests; and the depositary had no right to make any investment of the fund, either for the benefit of the members, or for his sole benefit, nor were there any charges upon the fund, in his hands, in the adjustment of which there might be a common interest. *Held*, that the effect of the agreement was, when the money was deposited, to sever the previous joint interest of the parties, and to vest in each member the right to demand his several share from the depositary.

*Held*, also, that although no action could be sustained, in such case, against the depositary, for the several share of a member, until demand made, yet that a qualified indebtedness, sufficient to warrant a charge on book, arose immediately upon the receipt of the money, and that each member might recover his several share in an action on book account, upon refusal of the depositary to pay upon proper demand.

A right to make a charge on book does not require, that there should be an immediate and present right of action upon it. It is sufficient, in any case, if an obligation to account for the money or property received resulted directly from the transaction between the parties.

In a case where the action of book account would otherwise be appropriate, the necessity of demanding payment before suit is no valid objection to the form of action.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported the facts substantially as follows.

The transactions of the parties, from which their accounts accrued, arose from their relation as officers and instructors in Norwich University, of which the defendant was president, and in which the plaintiff was a professor. The corporation of the university had a treasurer; but the faculty were entitled to all the tuition of the students; and, for the purpose of collecting and receiving the tuition, one of the faculty acted as depositary, or treasurer, and the amount received for tuition was to be divided between the president and professors, according to rates by them established by agreement among themselves. There was no dispute about the rate, or share, of each in the division. During the period embraced in the plaintiff's account, the plaintiff collected the tuition and paid it to the defendant; and the plaintiff received from time to time his share of the tuition, and gave his receipt to the defendant therefor. The first item in the plaintiff's account was a charge for the amount of arrears of tuition due to the plaintiff from the money so received by the defendant. This item was allowed by the auditor at $177,38. By the arrangement for the division of the tuition money between the president and professors, it appeared, that each instructor was entitled to his individual share, so that each had a separate claim on the holder of the money for his several proportion, and not a joint interest with the other instructors, or any of them. The auditor found due from the defendant to the plaintiff, to balance book accounts between them, $171,61.

The county court, May Term, 1848,—REDFIELD, J., presiding,— accepted the report, and rendered judgment thereon for the plaintiff, for the balance found due by the auditor. Exceptions by defendant.

*T. Hutchinson* for defendant.

*Tracy & Converse* for plaintiff.

The opinion of the court was delivered by

Royce, Ch. J.   The argument on the part of the defendant having been confined to the first and principal item of charge in the plaintiff's account,—the charge for arrears of tuition money,—that will be treated as the only matter for consideration.   And before the defendant could be liable to an action for the tuition money, his situation as a mere depositary must have been changed to that of a debtor.   This would be effected by a refusal to pay over the money upon proper request, or by a wrongful appropriation of it.   *Smith* v. *Barrow*, 2 T. R. 476.   The trial before the auditor must have proceeded on the ground, that something to that effect had taken place, though the report is silent in regard to it.   And in revising the case this court must now proceed on the same ground.   No objection for the want of sufficient showing upon that point having been made in the previous stages of the cause, it would be too late to raise it here for the first time.

Two objections are taken to the plaintiff's right of recovery for the money in question.   The first is, that the fund at any time in the defendant's hands, arising from tuition money, was substantially a partnership fund, in which others besides the plaintiff and defendant were jointly interested.   And if so, or if the plaintiff and defendant only had a continuing joint interest, it must follow, that this action cannot be sustained.   *Albee* v. *Fairbanks*, 10 Vt. 314. *McCrillis* v. *Banks et ux.*, 19 Vt. 442.   But whether this should be considered as the true character of the fund will depend on the effect to be given to the contract, or arrangement, between the members of the faculty, as the same is stated by the auditor.   His report finds, that the faculty were to have all the tuition money, which was to be divided between the members according to certain rates and proportions, which they had settled by agreement; and that no dispute or question existed, as to what these rates and proportions were.   He also finds, that, though the moneys collected for tuition were first to be lodged with a depositary, or treasurer, the interests of the members in the fund, when so in *deposite*, were by the agreement to be distinct and several interests, and not to any extent or purpose joint interests.   And if the agreement could operate prospectively upon a fund, when thus deposited, so as at once to vest distinct and several interests in the members, each

member would be entitled to demand his individual share, and to sue for it, if wrongfully withheld. In such case the duty and undertaking of the depositary would be held to correspond to the respective rights of the members, and to be a duty and undertaking to each individually, and not to all the members collectively. Now it is to be observed, that according to the agreement, as reported, the defendant, as depositary, or treasurer, was not authorized to make any investment of the fund, either for the benefit of the faculty, or for his sole benefit. Nor are we required to understand, that the fund was to be subject in his hands to any charges upon it, in the adjustment of which there might be a common interest; for it is found, that the faculty were to have *all* the tuition money, to be divided among the members. The amount of each share was therefore certain, with reference to the sum in deposite, and no fresh authority was needed for a distribution of the fund among those entitled to it. The defendant, then, had merely to retain his own definite and fixed proportion, and deliver to the professors their respective proportions, when applied to for that purpose. It is of little importance, whether the members of the faculty were partners in the moneys before they were deposited with the defendant; for if they were, they mutually stipulated not to remain so afterwards. With these views we discover no legal or practical difficulty in holding, that the agreement did operate, when the monies were deposited, to sever the previous joint interest of the parties, and to vest in each professor the right to demand his several share of the defendant. See *Ambler* v. *Bradley*, 6 Vt. 119.

The other objection is, that, though the plaintiff might be entitled to his several action, he should have brought the action of account in common law form, or general assumpsit. But there could be no necessity for resorting to the former action, except on the ground of a subsisting partnership or joint interest in the fund, and this we do not admit. The question, then, is, whether the action of book account should be deemed a concurrent remedy with general assumpsit, upon the facts disclosed in the auditor's report. It is true, that these facts do not show a common case of money lent, nor a case where the reception of the money of itself created a perfect indebtedness. Neither, on the other hand, do they show a claim to money realized from the commission of a tort, which the

71

plaintiff has elected to waive, nor a case where a privity of contract was wanting between the parties. They show the case, in substance, of one party receiving and holding money belonging to the other, under a contract to refund it, when specially demanded. In such a case no action will lie until demand is made, but a qualified indebtedness arises immediately; and I apprehend it will not be doubted, that, if no superior contract or security is taken, the money may be immediately charged on book. A right to make the charge does not require, that there should be an immediate and present right of action upon it. It is sufficient in any case, if an obligation to account for the money or property received results directly from the transaction between the parties. *Nason* v. *Crocker*, 11 Vt. 463. On this obligation, or liability, the right to charge is founded; and it does not depend on the time or mode of accounting, nor on the question whether the obligation is already absolute and perfect, or is subject to be modified by some act, or condition, to be performed by the other party. *Rogers* v. *Miller*, 15 Vt. 431. *Hall et al.* v. *Peck*, 10 Vt. 474. In the action of account at common law, an express demand upon the defendant to render his account is generally required to precede the bringing of the action; and in a case where the action of book account would otherwise be appropriate, the necessity of demanding payment before suit is no valid objection to the form of action. This is shown by the case last cited.

We are brought to the conclusion, that these moneys were proper subjects of book account between the defendant and the several parties in interest,—that the interests of the parties became several and distinct upon the deposite of the moneys with the defendant,—and that no decisive objection has been shown to the present action.

Judgment of county court affirmed.