Corey *v.* Barnes.

## GEORGE M. CORY *v.* MYRON O. BARNES.

*Referee's report.    Payment upon note.    Conversion.*

1.  A plaintiff is not entitled to judgment upon the report of a referee unless the report shows affirmatively all the facts necessary to give a right of action.
2.  Where money is paid to apply upon a promissory note and a receipt given so specifying, the note is discharged to that extent..
3.  The plaintiff sold the defendant six cows and one hog, taking a lien note for the purchase price. It was agreed that the defendant might butcher the animals upon condition that he delivered the meat to the plaintiff. The animals had all been killed by the defendant and the meat delivered to the plaintiff save that of one cow. It did not appear when this cow was killed. The note was given Nov. 7, 1884. Jan. 6 and 23, 1885, plaintiff received from the defendant to apply on this note, and gave receipts so specifying, sums more than sufficient in the aggregate to pay it. March 12, 1886, they agreed that these sums should be treated as payments on other indebtedness and that this note should continue in force. *Held,* that on these facts the plaintiff was not entitled to judgment for the conversion of the cow, for that from Jan. 23, 1885, to March 12, 1886, the note and lien were extinguished, and it did not appear but that the animal was killed during that time.

Trover for six cows and one hog.    Plea, the general issue. Heard upon referee's report at the September term, 1890, Tyler, J., presiding.    Judgment for the plaintiff.

The defendant excepts.

The facts appear in the opinion.

*F. A. Bolles,* for the defendant.

————for the plaintiff.

The opinion of the court was delivered by

MUNSON, J.   The plaintiff sues to recover damages for the conversion of six cows and one hog, which were sold by him to the defendant in November, 1884, subject to a lien reserved to secure the payment of $125, as evidenced by a lien note. It was arranged between the parties that the defendant might butcher the cows and hog, provided he delivered their meat to the plaintiff; and the referee finds that the meat of five of the cows and of the hog was so delivered. This limits the controversy to one cow, which was disposed of to some person other than the plaintiff, but at what time does not appear.

In January, 1885, the defendant made certain payments to the plaintiff which were more than sufficient to satisfy the note, and receipts were given which stated that these payments were to be indorsed on the note; but no indorsements were in fact made, and the note remained in the possession of the plaintiff. In March, 1886, the parties had a general settlement, and it was then agreed that these receipts should be applied upon other notes, and the lien note be retained by the plaintiff as the amount still his due.

By the transactions of January, 1885, the lien note was extinguished. The money was paid and receipted for to apply on the note, and its appropriation was not made dependent upon any further action of the parties. The situation was therefore the same, in contemplation of law, as if indorsements had been made, or the note given up. *Strong* v. *McConnell*, 10 Vt. 231; *Corey* v. *Gale*, 13 Vt. 639. It was competent, nevertheless, for the parties to reinstate the note, and by the arrangement of March, 1886, this was done; but, upon the facts reported, it is not necessary to consider whether the transaction revived the security upon the property not before disposed of. From January, 1885, until March, 1886, at least, the plaintiff had no property in the cow, and its sale by the defendant during this period

would not have been a conversion.   As the report does not show that the cow was disposed of at a time when the plaintiff had an interest in it, no right of recovery is established.

*Judgment reversed and judgment for defendant.*