Rutland,
January,
1826.

FRANCIS SLASSON, plaintiff below, *vs.* JOSIAH DAVIS and WILLIAM DAVIS, defendants below.—*IN ERROR.*

Money paid on note, and not applied, cannot be made the subject of a charge on book.

The right to make a charge on book, must exist at the time of delivering the article, or performing the service, and cannot depend on the happening of subsequent events.

*Francis Slasson* commenced his action before a justice of the peace, against *Josiah Davis* and *William Davis*, on a note of hand, by them executed to him; which action went by appeal to the county court.

At the county court, the defendants pleaded, *first*, the *general issue*: and. *secondly*, a plea in offset, of a book account, in favour of Josiah Davis against the plaintiff, which issues were joined to the Court.

Among the items in Josiah Davis's account, was a charge of $21 for cash paid the plaintiff. On the trial, Josiah Davis was offered as a witness in support of his said account; and though objected to by the plaintiff, was admitted by the Court, and testified, among other things, that, in the month of May, 1818, he paid to the plaintiff, twenty-one dollars to apply on said note. The Court allowed the said item, among others, and rendered their judgment, that the defendants recover of the plaintiff the sum of $1,97, it being the balance of said Josiah's account, after deducting therefrom the sum due on said note.

Whereupon, a bill of exceptions being tendered, and allowed, this writ of error was brought.

*Thrall*, for the plaintiff, contended

1st. That a demand in favour of one defendant, cannot be offset in an action against two defendants.—*Montagu on setoff*, 23. *Bac. ab. Tit. setoff. C.*—11 *Mass. R.* 140.—1 *Chitty's Plead.* 31.

2d. That money paid to apply on a note, and not charged on book, in the ordinary course of business, is not a proper subject of book charge, to be proved by the oath of the party.—1 *Day's Cases in Error*, 104.—*Swift's Digest*, 583.—*White* vs. *Ward.* 9 *Johnson*, 232.—*Loomis* vs. *Palver.* 9 *Johnson*, 244.—*Swinerton* vs. *Romaine, Anthon's N. P.* 145.

*Newell*, for the defendant, insisted, that, from the rules of practice, and the laws of this state, the decision of the county court was correct; and that *Josiah Davis* was a competent witness, and properly admitted.

The opinion of the Court was delivered by

ROYCE, J. It appears by the bill of exceptions in this case, that in the account of Josiah Davis, against the plaintiff, was an item of twenty-one dollars, which was alleged to have been delivered and received in part payment of the note now sued. Davis himself was offered as a witness to prove the payment of this sum, and was admitted by the county court, though objected to by the plaintiff. The Court are clearly of opinion,

10

Rutland,
January,
1826.

Slasson
vs.
Davis et al.

that this proceeding was wrong. To allow a party to charge on book, and prove by his oath, payments expressly made and received on a note, which is still outstanding, would be an alarming extension of the book action. The general rule has been long settled, that the right to make a charge on book, must exist at the time of delivering the article, or performing the service; and cannot depend on the happening of subsequent events. But it is a contradiction to say, that this sum, being paid, and received to be applied on the note, could be delivered to be charged on book, and recovered back at the pleasure of the party paying. In this case, however, no change of circumstances has taken place between the parties, if that could be considered material; the note has not been otherwise discharged, but is still open for the application of this payment, when properly established. It is the subject matter of evidence under the general issue, or a plea of payment, but not of an action on book: and there is no difference, in principle, between a separate action on book, to recover back this payment, and the present declaration on book, in offset to the note. As the plaintiff is not allowed to prove, by his oath, the making of the note, so neither can the defendant, by his oath, prove the payment or satisfaction of it. On this ground,

The judgment of the county court is reversed, without entering upon the other questions presented by the record.

*Reuben R. Thrall* and *Chas. K. Williams*, attornies for plaintiff.

*William Page* and *Gordon Newell*, attornies for defendants.