SAFFORD STEVENS *vs.* THADDEUS TUTTLE.

T, holding a note against S, received of him from time to time sundry articles, with the understanding of the parties that the articles so received should be applied on the note. T refusing to make the application when applied to for that purpose, S brought an action on book-account to recover for the articles so delivered. It was held that the action would not lie, and that S's only remedy was to have his account applied in payment of the note whenever T should attempt to enforce its collection.

This case came before the court on the report of an auditor in an action on book account. It apeared by the report that the plaintiff's account was principally for grain delivered to the defendant in January and February, 1821 ; that at the time the account accrued, it was the understanding of the parties that in the adjustment of the account, it should be applied in payment of a note which *Tuttle* held against *Stevens,* payable in cattle, October 1, 1820, or in grain in January, 1821 ; that previous to the commencement of this action an application was made to *Tuttle* for an adjustment of the account, and an application of it on said note ; and that he neglected and refused to do it.

A judgement was rendered by the county court against the plaintiff, and the cause was reserved for the opinion of this Court.

After argument, *the opinion of the Court was delivered by* WILLIAMS, J.—This case is very near the dividing line between two classes of cases on which the law is well settled. The difficulty arises from deciding on which side of the line it is to be placed.

Nothing can be clearer than that no action will lie to recover money or goods which have been delivered or received in payment of an existing debt, where the party receiving refuses or neglects to make the application. When the payment is made, the debt or obligation is so far extinguished, and it does not depend on the after will or act of the party to whom it is made, to give it the operation intended at the time it was made.

If the party receiving, either denies the receipt of the payment, or refuses to recognise it as a payment on that obligation to which it is to be applied, and seeks to recover the whole amount, the other party is not without the means of redress, but may compel the application whenever the obligation is attempted to be enforced.

On the other side, a debt may be contracted with an understanding that it should be paid in a particular way, either by endorsing on a note, or otherwise ; and if the party refuses to make the payment, an action lies to enforce the payment. Thus, there

CHITTENDEN
January,
1831.

Stevens
vs.
Tuttle.

may be mutual dealings between parties, debts contracted on both sides, and a general understanding, that on a settlement one should be set off against the other and the balance paid. In this class of cases, it is evident that either may commence an action on their respective claims, and the other may enforce his, either by a plea in offset, or by a cross action. The general rule is this, that for goods or money delivered in payment, or part payment, of a note or obligation, there cannot be a recovery either by a separate action or by a plea in offset : but as the delivery of them constitutes a defence against any action which may be instituted on the obligation, the payment must be taken advantage of in such suit, if any should be commenced. This is an acknowledged doctrine of the law, and was recognised in the case of *Slasson* vs. *Davis et al.* 1 *Aikens'*, 73. See also, *Loring* vs. *Mansfield*, 17 *Mass.* 394. No difficulties arising from the mode of dealings, as to making due proof of the particular transaction, nor any advantage or disadvantage which the respective parties might have from an action on book, can vary this principle.

We are then to enquire in this case, whether from the facts reported by the auditor, it appears that the articles delivered by the plaintiff, and to recover which this action is brought, were delivered by him to the defendant in payment of the note which the defendant held against him, and whether in an action on that note under the plea of the general issue, the present plaintiff could have given the facts as reported by the auditor in evidence, as payment of this note, or whether he must have resorted to a plea in offset. If they could have been so given in evidence, the judgement of the county court was right, if not, the judgement was erroneous.

It appears that the note which the defendant holds against the plaintiff, was payable in grain, in January, 1821. It also appears that the articles charged by the plaintiff, for which this action was brought, were grain delivered in January, and in the fore part of February, 1821, and a small sum for wood, delivered in the same months. The auditor finds that it was the understanding they should be applied in payment of the note. The county court on these facts decided correctly, that for these things, thus delivered in payment, the plaintiff could not recover, but must have them applied in payment of the note, if the defendant should ever attempt to enforce its collection.

The judgement of the county court is affirmed.

*Griswold,* for plaintiff.

*Adams,* for defendant.