ORANGE,
July,
1839.

TIMOTHY CHELLIS *v.* DANIEL WOODS.

The general rule, that money which is paid to apply on a specified de
mand cannot be the ground of an action, is too well settled to be called in
question.

It, however, only applies to cases where the payment, in itself, operates, *pro
tanto*, to extinguish so much of the claim upon which it is paid, and not
to cases where the money paid is kept on foot as a subsisting claim, sub-
ject to a future application.

The action on book can be maintained for money paid.

THIS was an action of book account, brought into the coun-
ty court by appeal. Judgment to account having been ren-
dered, an auditor was appointed, who reported, that the
plaintiff presented an account, as follows:

" September, 1836.

Daniel Woods, Dr. To cash, . . . 11,00."

In relation to which, the auditor found the following facts:

1. Before and at the time of making the charge, the de-
fendant held two promissory notes against the plaintiff and
one William Chellis, on which about $29,00 remained due,
and at the same time there were open and unsettled book
accounts between the parties, entered in the defendant's
book, he keeping debt and credit, in which were several cre-
dits for money, and that in the adjustment of all demands,
about the sum of eleven dollars remained the defendant's
due.

2. That one or two days before making said charge, the
defendant requested· pay of the plaintiff on said notes, and
being asked the sum his due, he said, eleven dollars ;

3. That the plaintiff went to the defendant's shop, at the
date of said charge, and paid him the said sum of 11 dollars,
with a view to have the same answer on said notes ; that the
defendant, on receiving the said money, stated to the plain-
tiff that said notes were not in his possession, but were at
Judge Spencer's, and that he could not make the application
of the money ; that the plaintiff then requested the defendant
to make a minute of the money, which he said he would do,
and the plaintiff charged the said eleven dollars at the same
time on a slip of paper, which was annexed to the report ;

4. That the defendant afterwards sued the notes and re-
covered judgment on them against the plaintiff and the said

Wm. Chellis, while the plaintiff was absent, out of the state, and the said eleven dollars was not applied;

5. That these notes were the proper debt of the plaintiff, and that Wm. Chellis signed as surety; that this evidence was objected to by the defendant, but admitted by the auditor.

6. That when the defendant recovered judgment on said notes, he brought in his book accounts with the plaintiff, debt and credit, except the eleven dollars, which were adjusted by the court and a general balance found. To this last showing the defendant also objected, but it was admitted by the auditor; that a balance of about seven dollars was due the plaintiff on book account at the time of paying said eleven dollars.

And the auditor further reported, that if, upon the foregoing statement of facts, the court should be of the opinion that the plaintiff was entitled to recover in this form of action, then he found for the plaintiff to recover of the defendant the said sum of eleven dollars, and interest thereon.

But if the court should be of the opinion that the plaintiff was not entitled to recover in this form of action, then he found for the defendant to recover of the plaintiff his costs.

The county court rendered a judgment for the plaintiff, and the defendant excepted.

*S. Austin,* for defendant.

The defendant contends that there is no doctrine of the law better settled in this state, in Connecticut, and in Massachusetts, than that money, paid or delivered to apply upon an existing contract between the same parties, cannot be recovered back in any form of action. If it could be recovered in any action, it could not in the action of book account. Swift's Dig. 583.    1 Aik. R. 73.

*J. W. D. Parker and L. B. Vilas,* for plaintiff.

I. It would seem, if the plaintiff is without remedy, that the defendant will be permitted to take "advantage of his own wrong," which the law will not tolerate. In equity and good conscience the defendant ought not to retain this money.— The case here, is, in principle, like that of money paid by mistake, or misapplied from the object for which it was intended. *Rowe* v. *Smith,* 16 Mass. R. 306, 308.    *Giles* v.

ORANGE,
July,
1839.

Chellis
v.
Woods.

*Edwards,* 7 Term R. 181.   *Sargeant* v. *Pettibone,* 1 Aik. R. 355.   *Austin* v. *Berry & Meigs,* 3 Vt. R. 58.

II. " Questions have often been made whether money is " a legal charge on book, but when it.is paid, lent or ad- " vanced in the common caurse of business, it may as well " be entered on book as any other article, and such has been " the invariable practice, sanctioned by judicial decisions. " Book, in all cases where it will lie, is a concurrent remedy " with assumpsit." 1 Swift's Dig. 582, 583.   *Whitney* v. *Corwin,* 5 Vt. R 451.   3 Dane 318, art. 4, S. S. 1, 2, 3. *Strong* v. *McConnell,* 10 Vt. R. 231.

The opinion of the court was delivered by

BENNETT, J.   This is an action on book, and the plaintiff's claim is for $11, cash, which the defendant insists was paid to be applied on a note which he held against the plaintiff. The general rule that money, paid to be applied on a particular demand, cannot be made the ground of action, is too well established to be called in question, but this rule can only apply to those cases where the payment, *in itself,* operates, *pro tanto,* to extinguish so much of the demand upon which the money is paid, and not to cases where, by the agreement of parties, the money paid is kept on foot as a subsisting claim, but subject to a future appropriation.   In the present case, the auditor reports, it is true, that the money was paid to apply on the notes, but that, on receiving the money, the defendant said he could not then apply it as the notes were not in his possession, and, by agreement, it was then charged on the one side and credited on the other, with a view to a future application, the parties then having an unsettled and subsisting account between them.

The effect of this would be to leave the notes in full force for the whole amount due on them without reference to the eleven dollars.   The notes having been sued and judgment rendered on them for the full sum due, without the application having been made, there is no reason why the plaintiff should not recover in this action.   The case comes within the principles of the case of *Strong* v. *McConnell,* 10 Vt. R. 231.

The objection is made, that the action on book cannot be maintained on a charge for money, but no good reason is

perceived for this objection. The same question has been raised at the present term of this court in the case of *Warden* v *Johnson, ante,* p. 455, and has received an express determination, and there is no occasion for extending any observations on this point. The judgment of the county court is, therefore, affirmed.