# RUTLAND COUNTY,

---

## JAMES·McDANÍELS *v.* TIMOTHY REED AND JOHN VAIL.

The defendant, in an action of ejectment, is liable, if he were in possession of the demanded premises at the time of the commencement of the plaintiff's action; and for this purpose the time of the service of the writ is to be treated as the commencement of the action.

And *actual* possession by the defendant is not necessary; it is sufficient if the defendant have a deed of the premises, which has been recorded in the town clerk's office of the town where the land lies, and *claims* to have purchased the premises.

So the plaintiff, in ejectment, must also have a right of action at the time of final judgment. If, therefore, the action be founded upon a mortgage, and the defendant, at any time before final judgment, tender to the plaintiff the amount due upon the debt secured by the mortgage and the costs in the action of ejectment, the plaintiff's right of action upon the mortgage is taken away, and he can no longer claim judgment in his favor in the ejectment.

And if the plaintiff, in such case, claim title to the demanded premises by virtue of several mortgage deeds, which describe distinct parcels of land, and were given to secure distinct debts, the tender may be made of the amount due upon the debts secured by part of the mortgage deeds, and the plaintiff's right of action, as to the premises described in those deeds, will thereby be taken away; and it makes no difference, in this respect, whether the deeds were originally executed to different individuals, and have come to the present plaintiff by assignment, or, *Per* HEBARD, J., whether they were all originally given to the plaintiff.

And it is not necessary that the defendant, in such case, having made a legal tender, should show that the tender has been kept good, and bring the money into court; it is sufficient, to entitle him to a recovery, for him to prove the making of the tender, and the refusal, on the part of the plaintiff, to receive it.

McDaniels *v.* Reed et al.

EJECTMENT.   Plea, the general issue, and trial by jury.

The plaintiff claimed title to the demanded premises by virtue of several mortgage deeds, executed by the defendant Reed, and which described distinct premises, parcel of the demanded premises.   One of said deeds was given to Alexander Barrett, to secure six promissory notes, amounting in all to the sum of $2500, and bore date January 10, 1828, and was, by said Barrett, assigned to the plaintiff on the 7th day of March, 1828 ; another of said deeds was executed to the plaintiff, to secure a promissory note for the sum of $600, and bore date April 26, 1830 ; and the other of said deeds was executed to Thomas McDaniels, to secure a promissory note for the sum of $2000, and bore date Febuary 16, 1835, and was, by the said Thomas McDaniels, assigned to the plaintiff on the 25th day of May, 1835.

To show the liability of the defendant Vail in this action, the plaintiff offered in evidence a copy of the record of a deed, duly certified by the town clerk, which deed bore date subsequent to the sueing out of the writ in this action, but prior to the service of the same, and purported to convey to the said Vail the demanded premises.   To the admission of this evidence the defendants objected, upon the ground that this deed was executed subsequent to the commencement of this action ; but the court decided that the time of the service of the writ in the action was the commencement of the action, and admitted the evidence.   The plaintiff also introduced evidence tending to prove that in May, or June, 1842,— which was subsequent to the service of the writ in this action,—the said Vail claimed to have purchased the premises.   And the court, upon this point, charged the jury, that, the deed to Vail having been put upon record, and Vail claiming to have purchased the premises, they were at liberty to find that Vail accepted the deed, at the time it was executed, and that this would entitle the plaintiff to recover, as against Vail.   It appeared that the defendant Reed was in possession of the premises, at the time of the commencement of this action.

The defendants offered evidence, to prove, that, during the pendency of this action, and since the last term of the county court, they had tendered to the plaintiff the sums due upon two of the debts, secured by the mortgage deeds of two of the parcels of land

described in the plaintiff's declaration, together with the costs of this suit. To the admission of this evidence the plaintiff objected, and it was excluded by the court.

The jury returned a verdict for the plaintiff. Exceptions by defendants.

*S. H. & E. F. Hodges* and *R. Pierpoint* for defendants.

I. The defendants insist that Vail is not properly joined in this suit, because, at the date of the writ, he was not in actual or constructive possession of the premises. The date of the writ is the commencement of the action, and the day of service is unimportant, so it be within the limits, prescribed by the laws regulating judicial proceedings, after sueing out the writ. 1 D. Ch. 94; 7 Vt. 426. The plaintiff must show that the defendant was in possession, at the commencement of the suit. 3 Vt. 448.

II. The tender, made by the defendants, is a bar to farther proceedings in this suit. , Coate on Mort. 315. 2 Cow. 195. 10 Vt. 578. 7 Wend. 98. 4 Vt. 105. 3 Vt. 202. 11 Vt. 264. 5 Conn. 202. 2 Ib. 600. *Austin* v. *Burbank*, 2 Day 474. *Crosby* v. *Brownson*, Ib. 425. The proceeding by action of ejectment is only one form of enforcing the collection of the notes, and does not, in any manner, change the relation of the parties. The mortgagee is creditor of the mortgagor, and not purchaser of his land. 5 Wend. 603. From these cases we find the inference inevitable, that a tender is effectual in ejectment. 11 Vt. 264. 18 Johns. 110. 21 Wend. 468. 7 Wend. 98. *Williams* v. *Sorrell*, 4 Ves. 389.

III. Were the defendants bound to pay all the mortgages, before they could redeem one ? The mortgages are upon different pieces of land, to different persons, and incident to different debts.

1. It is admitted, that, when there are two mortgages, each of a different piece of land, *between the same persons*, the mortgagor cannot redeem one, without redeeming both. *Purefoy* v. *Purefoy*, 1 Vern. 29. *Shuttleworth* v. *Laycock*, 1 Vern. 245. *Mergrave* v. *Lekook*, 2 Vern. 207. *Pope* v. *Onslow*, 2 Vern. 286. *Tribourg* v. *Pomfret et al.*, and *Titley* v. *Davis*, cited in *Ex parte Carter*, Amb. 733. The case is said to be the same with the assignee of the mortgage. *Cator* v. *Charlton* and *Collett* v. *Munden*, cited in

McDaniels *v.* Reed et al.

2 Ves. 376. 2 Cox 425. But these cases, involving the right of the assignee, have been doubted in England, and, it is believed, have never been received in this country. *Ex parte King*, 1 Atk. 300. 2 Eden 78. Admitting the whole ground, assumed by the judges in deciding these cases, to be tenable, there is a wide distinction between the principles decided, and those involved in the claims of the plaintiff in the suit at bar. In all these cases the mortgages were made by one grantor, and to one grantee. Between the same parties equities might well extend to transactions different from those in which they originated; but where the interests of third persons are to be affected, they must be confined to the limits of the contract, by which they are called into existence. 2 Ves. 376.

2. But in these cases the court have decided upon the supposed intent of the parties, to supply, by a second mortgage, the deficiencies of a first.

3. All the cases, cited in support of this doctrine, are where the *heir* has sued, to redeem an estate mortgaged by the ancestor; and, " to avoid circuity of action," the tacking is allowed.

4. These are all cases, where the mortgagor, or those claiming under him, have resorted to equity to redem forfeited estates. Story's Eq. Jur. 1030.

5. Here, the plaintiff comes into a court of law, to recover possession of the premises described in his different deeds. He has selected his remedy, and he must be governed by the law of the court, in which he sues. *Jones* v. *Smith*, 2 Ves. 376. Brayt. 166. 13 Vt. 310.

———— for plaintiff.

I. The plaintiff contends, that the *service* of the writ is the commencement of the suit, for the purpose of testing the right of the plaintiff to join Vail in the suit, as landlord. 7 Vt. 124. *Hall* v. *Peck*, 10 Vt. 474. 4 Conn. 149. *Bronson* v. *Earl*, 17 Johns. 63. *Burdick* v. *Green*, 18 Johns. 14. *Visscher* v. *Gansevoort*, 18 Johns. 496. *Ross* v. *Luther*, 4 Cow. 158. *Brown* v. *Babington*, 2 Ld. Raym. 883. *Harris* v. *Woolford*, 6 T. R. 617.

II. The county court were right in their charge to the jury in reference to the acceptance of the deed by Vail, and the right

thereby given to the plaintiff to recover against him.   *Warner* v.
*Pate et al.*, 5 Vt. 166.   Ib. 243.   9 Vt. 178.   The acceptance of
the deed, duly executed and recorded, is always presumed from the
fact, that it is beneficial to the grantee.   *Denton* v. *Perry et al.*, 5
Vt. 382.   *Church* v. *Gilman*, 15 Wend. 656.

III.   In regard to the offer to prove the tender of the amount due
on two of the pieces mortgaged, the plaintiff contends,

1.   That a tender should have been for the whole sum due upon
all the mortgages.   2 Sw. Dig. 183–189.   2 Day 211.   3 Ib. 397.
2 Vern. 286.   Ambl. 733.

2.   That the tender was not in time,—not having been made
three days before the sitting of the court, to which the writ was
made returnable.   Rev. St. 471, § 6.

3.   That the defendants did not bring the money into court.

The opinion of the court was delivered by

Hebard J.   The plaintiff claimed title to the premises described
in his declaration by virtue of several mortgage deeds.   No ques-
tion has been raised, but what the action was well conceived as to
the defendant Reed.   The right to recover against the defendant
Vail depends upon several questions.   The first is, as to the point
of time, in reference to the proceedings, which is to be regarded as
the commencement of the action.   It seems, that, at the time the
writ bears date, Vail was not in possession of any part of the prem-
ises, and had no title to any part of them.   But before the service
of the writ he had a deed of the premises, which was put on record,
and he was claiming to have purchased the premises.

The plaintiff must have a right of action at the commencement of
the suit, to entitle him to recover ; and upon this fact the question
presents itself.   If we were at liberty to indulge in conjectures in re-
lation to the facts, which are not presented by the bill of exceptions,
we should conclude, that, at the time the writ issued from the *pro-
thonotary*, the name of Vail was not in it ; but, while the writ was
in the plaintiff's hands, and before service, learning the fact, that
Vail had become interested in the premises, his name was then in-
serted.   If this is the true solution of the matter, and that fact had
appeared from the exceptions, we should have no hesitation in say-
ing, that the action was not misconceived as to him, whether we

McDaniels v. Reed et al.

hold the *sueing out* the writ to be the commencement of the suit, or the *service* of the writ; for the insertion of the defendant Vail's name would be the time, when the writ, as to him, was in fact sued out.

For some purposes one time, and for others another, has been regarded as the commencement of the action. With reference to the statute of limitations, as in the case of *Lamb* v. *Day,* 8 Vt. 407, the sueing out the writ has been regarded as the commencement of the suit; and for this purpose there is an apparent reason for fixing upon this as the time. It is by the plaintiff's sleeping upon his rights for a determinate period, that his claim becomes barred. When he is moving, and doing what the law enables him to do, he is regarded as vigilant; and from such time no such presumption, as grows out of the statute of *limitations,* can reasonably attach. And this has no reference to maturing, or originating, a cause of action; but its effect is, to prevent one from being lost, that has for a long time been mature.

In other cases, when the fact is to determine whether the cause of action has become mature,—as in the action of trover, when a demand is necessary, as evidence of a conversion,—or in the action of assumpsit, when, from the nature of the contract, a demand is essential to the right of recovery,—then the service of the writ is considered the commencement of the suit; as in the case of *Hall et al.* v. *Peck et al.,* 10 Vt. 474.

The practice of obtaining and issuing writs is such, that it would make it inconvenient to adopt a different rule. The attorney, or his clerk, fills up a writ, and gives it such a date, as suits his convenience. The defendant has no interest in the writ, until it is served, and is, before that time, in no way affected by it.

We therefore hold, that, in this case, the service of the writ was the commencement of the suit.

The next question arises upon the sufficiency of the defendant's tender. By the bill of exceptions it appears that the defendants offered to prove, that, since the last term of the court, they had tendered to the plaintiff the sum due on two of the parcels of land described in the plaintiff's writ and the plaintiff's costs in this action. This testimony was excluded by the court; and the decision of the court is attempted to be sustained on two grounds. The first is,

that the plaintiff held another mortgage, of another piece of land, and that he was not bound to accept a part, without the whole.

The three mortgage deeds are of different dates, were given to different individuals, contain distinct parcels of land, and were given for the security of different debts. They would therefore seem to have no connection with each other, in any respect. They are as disconnected now, as they were, when first given. Each piece of land stands pledged, as before, for its own debt. And there is no doubt, that Reed is at liberty to redeem any one of these pieces, without the rest, if he chooses. That they are now in the same person makes no difference, as affecting the mortgagor. He was no party to that arrangement, by which the plaintiff has taken the assignment of those mortgages; and if they had all been given to the same *individual*, I do not conceive that any fair presumption could arise, that he intended to tack the subsequent mortgages, on to the first.

The next objection to the tender, and the evidence offered to prove it, is, that it was not made in season. This objection is founded on a misconceived notion of the legal effect of the tender, when offered. This action is ejectment. The tender is not made upon this action, and never could be made upon it. This action of ejectment is founded upon a mortgage; and the mortgage is only an incident to the debt; and the right to recover depends upon the fact, whether, at the time, there is a right of action upon the debt. The tender, therefore, was upon the debt; and if a legal tender was made upon the debt, the right of action was thereby suspended. If the right of action was suspended upon the debt, *eo instanti* it was suspended upon the mortgage. In an action of ejectment the plaintiff must have a right to recover, at the time he commences his action, and also at the time the judgment is rendered. If, after the commencement of the suit, the cause of action is by any means taken away, the plaintiff cannot recover, unless, by some means, he is again subrogated to it before judgment.

This tender was upon the debt, and might be made at any time, and one time, as well as another; and I see no objection to its having been made upon the trial; and the effect would have been the same. If it was made at any time, when the fact could be incorporated into the case, according to the usual mode of proceeding

McDaniels *v.* Reed et al.

on trial, it should have been received, and the tender would have its effect upon the debt as effectually, as if no action was pending upon the mortgage. This action upon the mortgage was all the time liable to be defeated by payment, not only before judgment, but after.

The case of *Edwards* v. *Fire Insurance Co.,* 21 Wend. 468, which has been cited, goes farther than we are required to go in this case. It was there held that the *tender* was a discharge of the mortgage security. Whether that is so, or not, we hold that it was a suspension of the plaintiff's right of action, at least, and that it could only be revived by a refusal, on the part of the defendants, to pay the money, when the plaintiff should signify a willingness to receive it. If the tender had been made on the day the money became due, we are inclined to think it would have the effect, given to it in that case, leaving the plaintiff to seek his remedy by a suit upon the indebtedness.

This disposes of a farther objection,—that there was no offer to show that the *tender* had been kept good and the money brought into court. The money need not be in court; it had nothing to do with the suit on trial. That action was for the recovery of land, not money. It was sufficient, if the defendants made a good tender and had the money ready to deliver to the plaintiff, when he should call for it.

The judgment is reversed.