Strong v. Edgerton.

••▸●Ⓠ◒◂•••

PETER STRONG *v.* WILLIAM G. EDGERTON.

The requirement of the statute,—Rev. St. c. 28, §28,—that a writ of *scire facias* against bail shall be brought within one year after the rendition of the judgment against the principal, is not to be regarded as a statute of limitation upon the plaintiff's remedy to enforce a right already due from the surety, but as a condition, which the plaintiff must perform, in order to create a claim against the surety.

*Quære,* Whether such writ of *scire facias* must not only be made and signed, but served upon the surety, within the year.

But if the writ be made and signed within the year, but be made returnable at such a time, that it cannot be legally served within the year, it is not a compliance with the statute.*

Therefore, where the writ was made and signed within the year, and was made returnable before a justice of the peace more than sixty days after the expiration of the year, it was held not a compliance with the statute.

SCIRE FACIAS against the defendant as bail, upon *mesne* process, of one McKinney. The defendant pleaded *nul tiel record*, and also pleaded, that this writ of *scire facias* was not brought within one year after the plaintiff recovered judgment against McKinney in the original suit; and both pleas were traversed, and issue joined. Trial by the court, November Adjourned Term, 1847,—HALL, J., presiding.

On trial it appeared, that the plaintiff recovered judgment against McKinney, in the suit in which the defendant became bail, on the twenty fourth day of February, 1845; that this writ of *scire facias* was signed by Silas H. Hodges, a justice of the peace, on the nineteenth day of February, 1846, and was made returnable before said Hodges May 18, 1846; that on the twenty sixth day of March, 1846, the defendant accepted service upon the writ; that, less than sixty days before the return day, the writ was again presented to the justice by the plaintiff's attorney, and the justice, at his request, indorsed thereon an authorization to one Ditson to make service of the writ, and also a direction to the officer to deliver to Jacob Edgerton, the father and natural guardian of the defendant, a copy of the writ. After this an alteration was made in the writ, without the knowledge of the defendant, or of the justice, by which the judgment, which was originally described in the writ as having been rendered before E. F. Hodges, was stated to have been rendered

* In *Hutchinson* v. *Fisher & McLaughlin,* decided by the supreme court in Windsor Co., Mar. T. 1851, which was an action upon a promissory note, the writ was made and signed before the demand was barred by the statute of limitations, but was made returnable before a justice of the peace more than eight months after the statute would have run, if the writ had not been issued, but within the official year of the justice who signed it, and was served less than sixty days before the return day;—and it was held, that the operation of the statute of limitations was thereby avoided.

before S. H. Hodges. The writ was subsequently served, May 6, 1846, by the person authorized.

Upon these facts the court rendered judgment for the defendant. Exceptions by plaintiff.

*Thrall & Smith* for plaintiff.

The statute,—Rev. St. c. 26, § 12,—which provides, that a justice writ of summons, or attachment, shall not be served more than sixty days before the time therein appointed for trial, has no application to the question involved in this case. The "justice writ" of that section is the "ordinary process" within justice jurisdiction, mentioned in Rev. St. c. 28, § 1. A writ of *scire facias* is not a writ of summons, or attachment, but may, by statute, issue as such. Rev. St. c. 28, § 21. This is a judicial process, and not subject to the provisions applicable to original or ordinary process. *Walsh v. Haswell*, 11 Vt. 85. Rev. St. c. 28, § 21. The prohibition has no reference to the relative time between the date and the return day of the writ, but only to the service and return day.

The bail is a surety; his liability is fixed, as such, by the proceedings mentioned and the law. Rev. St. c. 28, § 27; and the provision of chap. 28, sec. 28, is but a statute of limitation, and should receive the same construction as other statutes of like kind. The making and signing the writ is the issuing or *bringing* of the writ, within the statute. *Day v. Lamb*, 7 Vt. 426. *McDaniels v. Reed*, 17 Vt. 674. *Newell v. State*, 2 Conn. 38. The particular phraseology of different statutes of limitations is of no importance; they all mean the same thing,—the issuing of the writ. For different forms of expressing the same thing see Rev. St. 183, § 28; Ib. 184, §§ 37, 38; Ib. 305; Sl. St. 66, §§ 29, 30. Neither the amendment of the writ, nor the indorsement of the authorization for service, nor the inserting an order to deliver a copy to the father of the defendant, had any effect upon the *issuing* of the writ.

*M. G. Everts* and *E. Edgerton* for defendant.

The defendant, by indorsing his name upon the back of the original writ, assumed a conditional liability,—to become absolute in case the plaintiff should perform certain acts, one of which is, that he shall, within one year, and not after, bring his writ of *scire*

*facias.* Rev. St. c. 28, §§ 27, 28. If the plaintiff fail to do either of these acts, the bail does not become liable.

The writ, in this case, was not brought within the year. The service of the writ must be considered the commencement of the action. *Seaver* v. *Lincoln,* 21 Pick. 267. The suit cannot be commenced by the making of a writ, which cannot be legally served. The writ should have been made and served, or at least been capable of legal service, within the year; the plaintiff cannot be said to have brought his suit, while the writ remains a nullity. *Nelson* v. *Denison,* 17 Vt. 73. *McDaniels* v. *Reed,* Ib. 674. *Hall et al.* v. *Peck,* 10 Vt. 474. As between bail and principal, there must be a time, when this relation shall cease; and this should be at the end of the year from final judgment in the original action, in case no notice of the *scire facias* is brought to the bail.

The opinion of the court was delivered by

POLAND, J. The first consideration in the present case is in relation to the character of the provision in the Revised Statutes, chap. 28, sec. 28, requiring writs of *scire facias* against bail on *mesne* process to be brought within one year after the rendition of the judgment against the principal. Is it to be regarded as a statute of limitation, narrowing and curtailing the plaintiff's remedy to enforce a right, or duty, already due from the surety, and which is already fixed and absolute upon him,—as claimed by the plaintiff? Or is it to be looked upon as a condition upon the part of the plaintiff, which he is required to perform, as one step towards perfecting and maturing a cause of action against the surety, which as yet is but contingent and defeasible? We are disposed to regard it in the nature of a condition, and required to be done, in order to create and establish a claim against the surety, rather than as an act of vigilance, to prevent the loss of a right already existing.

The liability of the surety is wholly collateral, and is primarily an obligation merely for the appearance of the principal, or that he shall be forthcoming within the life of the execution, if one is properly issued. Even after the writ of *scire facias* is duly and seasonably served upon him, and all the preceding conditions have been complied with by the plaintiff, the liability of the surety is only contingent and conditional, liable to be defeated by a surrender of the

principal on the return of the *scire facias*, or by showing the death, or insanity, of the principal. Viewing the case in this light, the inquiry then arises, whether this condition has been performed by the plaintiff.

The defendant claims, that the plaintiff is required not only to have his writ of *scire facias* made and signed within the year, but that he should also have the same served on the surety within the year. Upon this question the several members of the court, who have heard the case, are not fully agreed; and as a decision of that point does not become necessary, to determine the case, it is left undecided. In this case the year, within which the plaintiff was required to bring his writ against the surety, expired on the twenty fourth day of February, 1846. The plaintiff procured his writ of *scire facias* to be made and signed by the justice on the nineteenth day of February, 1846, and it was made returnable on the eighteenth day of *May*, 1846, nearly three months after the expiration of the year. The defendant accepted service upon the writ on the twenty sixth day of March, 1846.

The twelfth section of chapter twenty six of the Revised Statutes expressly prohibits the service of writs, returnable before justices of the peace, more than sixty days before the time therein appointed for trial. And in the case of *Nelson* v. *Denison*, 17 Vt. 73, it was decided by this court, that when a writ, returnable before a justice, was served, more than sixty days before the return day, by attaching property, it was wholly void and inoperative, and that the officer serving the same acquired no right whatever to the property, as against another officer, who subsequently attached the same property, although the defendant in the suit made no objection to the service and suffered a judgment by default. The plaintiff insists, that inasmuch as this writ of *scire facias* is a judicial writ, it does not come within the requirement of this statute; but we entertain no doubt on this point; it is within the very words of the statute, as well as within its spirit and intent.

This brings us, then, to consider, whether the taking out a writ of *scire facias* within the year, which could not be legally served until nearly a month after the year expired, and which would be wholly inoperative and void, if served within the year, is a compliance with and performance of this condition by the plaintiff.

Strong *v.* Edgerton.

In the case of *Seaver* v. *Lincoln*, 21 Pick. 267, it was decided, that where a writ was taken out and put into the hands of an officer, before the cause of action was perfected by a demand upon the defendant, with instructions not to serve the same, until after demand made, the action could not be considered as commenced, until the demand was made; and the objection of the defendant, in that case, that the action was premature, because the writ was made out and delivered to the officer before demand was made, was not allowed to prevail. The same doctrine has been held in this state, in the case of *Hall et al.* v. *Peck*, 10 Vt. 474, and in *McDaniels* v. *Reed et al.*, 17 Vt. 674. It appears to us to be very clear, that the taking out of a writ within the year, which the law absolutely prohibited the service of, for a month after the year would expire, could with far less propriety be considered as the commencing, or bringing, of a suit, than in the cases above referred to, where the service was delayed merely by direction of the party, and that to hold the taking out of this writ by the plaintiff, under these circumstances, to be a legal commencement of a suit within the year, would be a gross violation of the language of the statute, as well as of its evident object and intent.

The surety is considered as having the custody, or the right to the custody, of the principal, so long as his liability continues; and he has the right at any time, by the aid of a bail piece and warrant, to commit the principal to jail and detain him, for the purpose of a surrender in his own discharge. It was the evident object of the legislature, to limit the creditor's right to call upon the surety to a fixed and certain time, and to as short a period, as was consistent with a due regard to the creditor's right, that the surety might be under no embarrassment as to the extent or duration of his contingent liability, or as to the time, when he might, with safety to himself, cease to look after his principal, or discharge him from custody, if he were so held.

It is apparent, that if the doctrine of the plaintiff in this case is to prevail, the entire and express object of this requirement upon the creditor would be defeated, and the surety be in a worse condition, than he would be in without any limit to the time, when the creditor should bring his writ of *scire facias;* for if the creditor may hold the surety, by taking out his *scire facias* and putting his court day three

months after the year expires, we see no reason, why he may not extend it to six months, or a year, or even to a longer period, provided he is willing to risk the danger, that the justice, who signs his writ, may die or go out of office before the return day; and thus the liability of the surety would be extended to any indefinite length of time, at the pleasure of the creditor.

Neither can we discover, that this construction of the statute can work any injury to the rights of the creditor, or deprive him of any advantage, which the statute intended to give to him, or that it can ever be necessary for him to set the time for the return of his writ of *scire facias* more than sixty days beyond the expiration of the year, unless it be for the purpose of entrapping the surety, or to obtain some unfair and illegal advantage over him, which the law would not encourage, or assist.

This view of the case renders it unnecessary for us to consider what effect the alterations, made in the plaintiff's writ after the expiration of the year, had upon the liability of the surety.

The judgment of the county court is therefore affirmed.