BENJAMIN H. CUSHMAN, *Apt.* *v.* THE ESTATE OF BENJAMIN HALL.

### *Payment.* *Evidence.*

Articles delivered strictly in payment or part payment of a note, if they are not applied, and the whole note is subsequently otherwise paid, cannot be recovered for in an independent action; but if, at the time of their delivery, it is understood that there is to be a future adjustment in reference to them before their application, and the note is subsequently paid before such an adjustment, and without any application of them, they may then be independently recovered for.

In the present case 125 bushels of potatoes, which, it was understood were to be endorsed on the note, were delivered in different parcels and at different times, and the holder of the note entered the different parcels or loads upon his book, as they were received. *Held* that this tended to show that an application on the note of each load as received was not intended, and that an adjustment and application was to be made after the whole were delivered.

APPEAL from the decision and report of commissioners upon the intestate's estate. The appellant filed a declaration in assumpsit upon the general counts. The nature of his claim, the facts and testimony in reference thereto, the questions involved, and the proceedings of the county court thereon, sufficiently appear in the opinion, which, after argument by

*W. Hebard* for the defendant.

and by

*C. M. Lamb* for the plaintiff

was delivered by

ISHAM, J. The plaintiff seeks to recover payment for 125 bushels of potatoes which were delivered to the defendant in the fall of 1842, in part payment of a note which Hall then held against him. The plaintiff afterwards renewed the note, and has since paid the renewal note, without any application of that payment. No indorsement for that matter was made on the note, and the claim was forgotten when the note was renewed, and when the renewal note was paid. The question now arises, whether that is a claim for which the plaintiff can recover in this suit. The court charged the jury that if the potatoes were delivered by the plaintiff

and received by the defendant, in present part payment of the note, and nothing more remained to be done in relation to their adjustment and application upon the note, the plaintiff could not recover for them, even if they were not applied. This general principal is fully sustained by repeated decisions in this state. *Stevens* v. *Tuttle*, 3 Vt. 519. *Durrill* v. *Lawrence*, 10 Vt. 517. *Corey* v. *Gale*, 13 Vt. 639. It is immaterial whether the note has been sued and judgment recovered upon it, or whether it has been paid without suit; such payments are matters of defense, and constitute no debt or claim for which an action can be sustained. That general rule, however, has been qualified in its application to cases where an account was contracted, and the parties contemplated a subsequent adjustment and future application on the note. In such case, the party has been allowed to sustain his action for the recovery of those matters, if the note has been paid without the application of that account. *Strong* v. *McConnell*, 10 Vt. 231. *Brooks* v. *Jewell*, 14 Vt. 473. That rule was adopted by the court on the trial of this case. In their charge to the jury, the court instructed them that if they found that the potatoes were delivered in several parcels and at different times, and that it was understood between them that there was to be a future adjustment of the account before the application was made, and that an account was kept for that purpose, that the plaintiff would be entitled to recover in this suit. The jury, by their verdict, have found that the potatoes were delivered in that manner, and that an account was kept for future adjustment and application; and, as the note has been otherwise paid, the plaintiff is entitled to recover, if the matter was properly submitted to the jury. If testimony tending to prove these facts was given in evidence, the case was not only properly submitted, but their verdict is conclusive upon these facts, as they are the exclusive judges of its sufficiency; but if no such testimony was in the case, the court should not have submitted that question to their consideration. On that subject, it appears that the only proof of the delivery of the potatoes was the deposition of Solomon Cushman, the plaintiff's son, the plaintiff himself, and an account-book kept by Hall, containing, in his own handwriting, the original entries of the potatoes, as they were delivered. The book bears intrinsic evidence that it was kept for the purpose

43

of entering the quantity of potatoes which were received by him from every source, for the purpose of manufacturing them into starch. The deposition of Solomon Cushman, not having been produced at this hearing, is laid out of the case. The plaintiff testified that he had forgotten about the potatoes, until he saw them on Hall's book; that he recollected delivering them, and that Hall agreed to endorse them on the note. This testimony has a tendency to show that the potatoes were delivered to apply on the note, but it falls short in proving, or tending to prove that they were delivered for future adjustment and application. The important testimony in the case, on this subject, is the book account kept by Hall. From that book it appears that the potatoes were delivered in different parcels and at different times, from the 22d to the 24th of October, inclusive. It tends to prove that an application on the note was not to be made as each load was delivered, but that an account was to be kept, and the application made after the whole quantity had been received. Whether the book was kept for that, or any other purpose, was a proper subject of inquiry by the jury. We think, from these circumstances, that there was testimony in the case which warranted the court in submitting that question to the jury; and their verdict is conclusive in the case.

The judgment of the county court is affirmed.