E. P. JEWETT, ADMINISTRATOR, *v.* A. C. WINSHIP AND OTHERS.

*Evidence. Statute, (Gen. Sts., § 24, ch. 36.) Payment. Promissory Note. Book Account.*

Payment on a note is not a subject for book charge, therefore where the payee is dead and an action is brought on the note by his administrator, the maker is not a competent witness to authenticate such item of charge on his book, under the last clause of section 24 of chapter 36 of the General Statutes.

Distinction noticed between what is a payment operating presently to diminish or satisfy an existing debt, and what, in order to operate a payment, is left depending on a future application. In the latter instance the transaction constitutes from the outset a proper subject of charge, and for recovery afterwards, if the existing debt of the other party should be otherwise satisfied without such application being made.

THIS case, being an action of assumpsit on a note, was heard by the court, March term, 1869, PECK, J., presiding, on special report of referees, upon which report the court *pro forma* rendered judgment for the plaintiff in accordance with the report; to which decision the defendants excepted.

The referees' report is as follows:

"The plaintiff presented a promissory note, signed by the defendants, dated June 6, 1866, payable to Lucius B. Peck, or order, with annual interest, for the sum of $700, which note was admitted to be genuine, and to be due at this time, except the defendants claimed and insisted before us that the defendant, Winship, paid upon said note, on the 7th of November, 1866, $400.

"The defendant, Winship, was offered as a witness on the part of the defendants to prove that on the 7th of November, 1866, he paid said sum to said Peck, at Montpelier, to be applied and endorsed on said note, as part payment of the same. And that said Winship made a memorandum in pencil on a pass-book, at the time, of the fact of such payment, in these words, viz: 'Paid cash to Lucius B. Peck $400, to apply on note.'

"This testimony was objected to by the plaintiff, on the ground that Peck having deceased the other party was not an admissible witness to prove such facts. It appeared in evidence that Mr. Winship was a merchant, doing business at Moretown, in this county, and that he kept regular books, including a cash book. The witness was admitted, subject to the objection, to make his .

statement, and show the entry that we might see its scope and character, and the better judge of its legal admissibility.

" We regarded the entry in the book as a memorandum of a *fact* or *transaction* and not a proper item of book charge, and as the issue before us was whether the note was paid in part, we adjudged that it was not competent for the party defendant to testify to the *payment*, or the entry in said book.

" There was other evidence tending to show such payment, and to contradict it. But on consideration of all the evidence we were not satisfied that such payment was made, and have adjudged that the plaintiff should recover the amount of said note and interest."

*Randall & Durant*, for the defendants.

*B. F. Fifield*, for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. The only question in this case is whether Winship was competent as a witness under the last clause of section 24 of chapter 36 of the General Statutes. He claimed that he had paid $400 on the note that had been sued in this case, and the purpose for which he was offered as a witness was to prove such payment by authenticating a memorandum made in pencil in his pass-book, and then giving that memorandum in evidence. Without considering whether such a book, so kept, and containing an entry so made, falls within the purview of that provision of the statute, (*see Lapham* v. *Kelly*, 35 Vt., 195,) we are clear that there is another reason why he should not have been admitted to testify as proposed. His assumption and claim was that the money named in his pencil memorandum was delivered to Mr. Peck as a *payment* on the note in suit. If a *payment*, then it was never a subject for book charge, and could not give right of action in any form. Its effect was completed when received as payment on the note, and it was to diminish the amount due on the note by so much. It thus became the proper subject matter of *defense* in an action on the note, but not the ground of an independent action, nor of *offset*, either by plea or declaration on book, in such action on the note. It was available only as *payment*, by way of plea, or independently of

our statute in that respect, as matter of proof under the general issue. The case of *Slasson* v. *Davis*, 1 Aik., 73, is directly in point. Such is the doctrine in *Strong* v. *McConnell*, 10 Vt., 231, and *Chellis* v. *Woods*, 11 Vt., 466 ; *Bronson* v. *Rugg*, 39 Vt., 241. Those three cases all mark the distinction proper to be made between what is a *payment*, operating presently to diminish or satisfy an existing debt, and what, in order to operate a payment, is left depending on a future application. In the latter instance, as was held in those cases, the transaction constitutes from the outset the proper subject of charge, and for recovery afterwards, if the existing debt of the other party should be otherwise satisfied without such application being made.

The judgment of the county court is affirmed.