SAMUEL T. FIELD *vs.* INHABITANTS OF HAWLEY.

Franklin. Sept. 17, 1878.— March 17, 1879. ENDICOTT & SOULE, JJ., absent.

If, on a writ of entry, the tenant disclaims, evidence that the demanded premises were sold and conveyed by a collector of taxes to the tenant for non-payment of taxes by the demandant, and the deed put on record; that no entry was ever made upon or possession taken of the premises by the collector, or by any one in behalf of the tenant, but that, after the sale, the premises continued to be occupied by persons holding of the demandant the same as before the sale; and that the tenant did not notify the demandant that he did not claim the premises until the disclaimer was filed, does not show such an interference with the demandant's possession of the premises as to amount to a disseisin.

WRIT OF ENTRY, dated February 15, 1878, to recover a parcel of land in Hawley. The tenant disclaimed; and the demandant filed a replication, alleging that the tenant, by one Hitchcock, in February 1877, sold the demanded premises, and took a deed of the same; that the deed with affidavits was put upon record in the registry of deeds soon after the sale; and that the deed was placed in the custody of the treasurer of the tenant town, where it still remains, all pursuant to the St. of 1862, *c.* 183.

The case was submitted to the Superior Court, and, after judgment for the demandant, to this court on appeal, on an agreed statement of facts, in substance as follows:

The demanded premises belong to the demandant, and were assessed to him for the year 1876. In February 1877, they were sold by Joseph A. Hitchcock, the collector of taxes for the town of Hawley, for the taxes of the year 1876, and were conveyed by Hitchcock to the town by a deed which failed to state the name of the newspaper in which the advertisement of sale was published, and the deed with affidavits was within thirty

days of the sale recorded in the registry of deeds. Soon after the recording, Hitchcock placed the deed in the custody of the treasurer of the town, and it has remained there ever since. No entry was ever made upon the premises or possession taken by the collector, or by any one in behalf of the town, but they have since been in the occupation of persons holding of the demandant, the same as before the sale. The tenant in this action has never notified the demandant that it did not claim the premises so sold and conveyed, until the disclaimer was filed. At the annual town meeting in November 1877, there was an article in the warrant, "to see what action the town will take in reference to lands deeded to the town by Joseph A. Hitchcock, as collector," and the town voted to pass the article. On January 30, 1878, the demandant wrote a letter to the selectmen of the town, contending that the sale of the premises was illegal, and stating that he intended to contest it, and also proposing certain terms of settlement; the substance of the letter was communicated to the town at its annual meeting in March 1878. At this meeting, there was an article in the warrant as follows: " To see what action the town will take in reference to a suit commenced against the town of Hawley by Samuel T. Field." Thereupon it was voted to choose an agent to settle or carry on the suit as the case may require, and no intimation was made to the demandant that the town, by its agent, did not intend to contest the demandant's title, until made by the plea filed in the case. The demandant has always contended that the sale and conveyance were illegal and void, but the selectmen of the town contended that they were good, until they consulted counsel.

If, upon the above facts, the action could be maintained, judgment was to be entered for the demandant; otherwise, for the tenant.

*J. A. Aiken*, (*D. Aiken* with him,) for the tenant.

*S. T. Field, pro se.*

AMES, J. We do not find in the agreed facts anything that amounts to such an interference with the demandant's possession of the premises as to entitle him to consider himself disseised for the purpose of trying his right in a writ of entry.

In *Favour* v. *Sargent*, 6 Pick. 5, it was held to be no sufficient objection to a general disclaimer, that the tenant had taken a

deed of the demanded premises from a collector of taxes, without also showing that he had had possession under that deed. In *Towle* v. *Ayer*, 8 N. H. 57, *Richardson*, C. J., says, in behalf of the court, that "it has never been held that mere words, or the taking of a deed of land without entry under it, can be considered as a disseisin. There must be some actual interference with the possession of land to constitute what may be considered by the owner as a disseisin at his election." In *McDaniels* v. *Reed*, 17 Vt. 674, which is cited by the demandant, there was no disclaimer by the tenant, and the case was tried on the general issue. See also *Allen* v. *Holton*, 20 Pick. 458; *Bates* v. *Norcross*, 14 Pick. 224; *Little* v. *Megquier*, 2 Greenl. 176; *Putnam Free School* v. *Fisher*, 38 Maine, 324.

Upon the disclaimer, as the demandant has not brought his case within the Gen. Sts. *c.* 134, § 6, the tenant is entitled to judgment for its costs.                    *Judgment accordingly.*