## H. I. STANLEY v. S. TURNER.

### January Term, 1896.

*Action for rent.   Commencement of suit.   Recovery of entire month.   Payment.*

1.  In assumpsit for the non-payment of rent, the plaintiff cannot recover for that accruing after the commencement of the suit.

2.  For the purpose of fixing this limit, the date of service is the commencement of the suit.

3.  If the rent is payable monthly the plaintiff cannot divide a month, but can only recover for the entire months due at the date of service.

4.  The defendant did certain work for the plaintiff after the beginning of the tenancy.   The referee found that the parties agreed what that was due for this work should be applied as a payment upon the rent, but that the price was not agreed upon.   *Held*, that it should be so applied at what the work was reasonably worth.

Assumpsit for rent.   Plea, the general issue and payment. Heard upon the report of a referee at the September term, 1895, Franklin county, Munson, J., presiding.   Judgment for the plaintiff.   Both parties except.

*Rustedt & Lockland* for the plaintiff.

The defendant has filed no plea in offset; therefore his account cannot be so applied.   *Fulton* v. *Wiley*, 32 Vt. 762.

The items for team work were no more a payment than the other items of the account.   The price was left for future

adjustment. *Strong* v. *McConnell*, 10 Vt. 231; *Cushman* v. *Hall*, 28 Vt. 656; *Jewett* v. *Winship*, 42 Vt. 206.

*A. K. Brown* for the defendant.

It was mutually agreed that the defendant's account for work should be applied in payment of rent, and it must therefore be held to have extinguished the rent as it fell due. *Davis* v. *Petit*, 27 Vt. 216; *Stevens* v. *Tuttle*, 3 Vt. 519; *Beeman* v. *Webster*, 15 Vt. 141; *Bronson* v. *Rugg*, 39 Vt. 241; *Pierce* v. *Clark*, 1 Tyler 140.

ROSS, C. J. I. The plaintiff's contention that he can recover rent falling due after the commencement of the suit cannot be sustained. *Waterman* v. *Buck*, 58 Vt. 529. He excepted to the judgment of the county court, because it limited his right of recovery of rent to the date of the writ. By this holding the date of the writ is treated as the commencement of the suit. The writ is dated July 6, 1891, but was not served until August 1, 1891. The service of the writ is the commencement of the suit for the recovery of damages and for most purposes, except for interrupting the running of the statute of limitations. *Hall* v. *Peck*, 10 Vt. 474; *McDaniels* v. *Reed*, 17 Vt. 674; *Hawley* v. *Soper*, 18 Vt. 320; *Strong* v. *Edgerton*, 22 Vt. 249; *Day* v. *Lamb*, 7 Vt. 426. Until its service no jurisdiction is acquired over the defendant. Until then the defendant is not called upon to reply, but should then be compelled to reply to all claims then due the plaintiff, properly declared for. Hence when demand must be made to perfect a right of action, it is sufficient if it precede the service of the writ, although the writ is in the hands of the officer. But where it is incumbent upon the plaintiff to take some action to save his right from becoming barred by delay, or by remaining at rest, then, when he sues out his writ, although it be not served immediately, if service thereof is

made within the time limited by law, the action is deemed to have been commenced so far as regards the plaintiff.

The referee has found that the defendant was to pay the rent commencing to accrue May 1, 1891, monthly, at the rate of three dollars per month. The plaintiff could recover only for the full month's rent which had accrued when he served his writ. He could not divide the rent for the month of August and recover rent for the four days of that month which had elapsed when his writ was served. But he could recover rent for the months of May, June and July and for the use of the land; in all fourteen dollars. The court erred in limiting the plaintiff's right of recovery of rent to the date of the writ.

II. The defendant excepted to the judgment "for that upon the findings of the referee the item of thirteen dollars fifty cents should be treated as a payment". This item is for team work done by the defendant for the plaintiff on April 30 and on several days in May, 1891, as found by the referee, "to apply on the rent of the plaintiff's premises and it was so expected by the plaintiff." Before the earliest date the defendant was in occupation of the plaintiff's premises for which he was to pay the rent monthly. The rent was to commence to accrue May 1, 1891. This agreement was made, when the work was performed, at a time when the tenancy was existing. If the finding makes this item a payment in advance on the rent, it operated to extinguish the rent as it became due from month to month. We have quoted all which the referee has found directly upon whether this work was a payment on the rent. He neither finds that the parties did, nor did not agree upon the price per day for the work. He allows a smaller price per day than charged by the defendant and says his allowance is reasonable. Whether by this he means that the parties did not, at the time the work was done, agree upon the price per day for the work, but impliedly left the price to be fixed as

the law will determine it when no price is agreed upon, at a reasonable price, he has not informed us. But he has clearly found that the defendant did the work, not to be applied at some future time, but to apply on the rent, and that the plaintiff so expected it to apply. We think this finding makes this item a payment on the rent. The defendant understood that the price of the work, whatever it might be, was a payment of so much on the rent of the premises of which he was then in occupation and the plaintiff received it as such payment. Nothing further was to be done by either party before its application as a payment on the accruing rent was to be made. Where, by the understanding of the parties, something further is to be done, or transpire, before the item is to become a payment, the law will not apply it as such. *Strong* v. *McConnell*, 10 Vt. 231 ; *Chillis* v. *Wood*, 11 Vt. 466 ; *Brooks* v. *Jewel*, 14 Vt. 476 ; *Cushman* v. *Estate of Hall*, 28 Vt. 656 ; *Bronson* v. *Rugg*, 39 Vt. 241 ; *Jewett* v. *Winship*, 42 Vt. 204. *Bronson* v. *Rugg*, apparently holds, where only an agreement exists to apply a sum when it shall be received on a debt and the party collects the debt after receiving it without making the application that he cannot set up his failure to fulfill his agreement to defeat the other party's right to recover for the item. But *Lapham* v. *Kelley*, 35 Vt. 195, clearly holds, that in such a case if the party receiving the money agrees to apply it in payment of a subsisting debt, when he brings suit to enforce collection of the debt the party making the payment may insist upon the application being made. The other items of mutual deal found due the defendant from the plaintiff cannot be recovered by the defendant in this action, which is assumpsit. The defendant has not filed, as he might, any plea nor declaration in set off. For this failure, these items are not considered. This sustains the exceptions of both parties.

*Judgment reversed. Judgment for the plaintiff to recover 50 cents with interest from August 4, 1891, and no costs to either party in this court.*